Francis D. Hannon, Appellant *v.* The Zoning Hearing Board of the City of Wilkes-Barre, Appellee.

Argued October 6, 1977, before Judges ROGERS and BLATT, sitting as a panel of two.

*Joseph J. Gale,* for appellant.

*John A. DiPietro,* with him *John A. Gallagher,* for appellee.

OPINION BY JUDGE ROGERS, November 10, 1977:

Francis D. Hannon appeals from an order of the Court of Common Pleas of Luzerne County affirming the denial by the Zoning Hearing Board of the City of Wilkes-Barre of his application for a special exception to operate a rooming house.

Hannon owns a 16 room three-story building located at 507 South Franklin Street, Wilkes-Barre. The property is located in an R-3 multiple-family Residential District established by the Wilkes-Barre Zoning Ordinance. A rooming house is permitted in the R-3 district by special exception and on condition: that it have no more than eight roomers; that a parking space be provided for each two roomers; that adequate public services be available; that adequate access to the building be provided; and that the rooming house be operated and maintained in a fashion har-

monious with and appropriate to the character of the neighborhood in which it is located.

Hannon had used his building as a rooming house illegally for some months before applying for the special exception. At the hearing conducted by the Zoning Hearing Board, Hannon's lawyer and another man identified as an associate of Hannon described Hannon's building and its facilities as conforming in all respects with the conditions for the grant of a special exception set forth in the ordinance. Persons from the neighborhood, however, vigorously protested the allowance of a special exception. They testified that during the months of Hannon's illegal operation there had been a shooting at the rooming house and that loud, obscene and very disturbing shouting matches among residents of the boarding house occurred at all hours of the day and night. The Board in the pursuance of its duties visited the premises.

The Zoning Hearing Board denied Hannon's application. In what it improperly denominated a conclusion of law, the Board found as a fact that Hannon's rooming house has "created many noisy disturbances at all hours of the day and night which have adversely affected the peaceful enjoyment of the property of the neighbors in the immediate area." The Board also concluded that the rooming house would not be "appropriate with the family type atmosphere of the neighborhood."

The court below, which did not take additional evidence, affirmed the Board's decision holding that the Board's findings with respect to the disorderly conditions which prevailed during Hannon's illegal use of the property supported its conclusion that the rooming house would not be operated and maintained in harmony with the residential character of the general neighborhood.

Our scope of review is to determine whether the Zoning Hearing Board committed a manifest abuse

of discretion or an error of law in denying the application. A special exception is properly denied if the applicant fails to carry his burden of establishing that the proposed use satisfies the requirements of the ordinance or where, even if such requirements are met, protestants can show that the proposed use would be adverse to the public health, safety and welfare. *See Lower Merion Township v. Enokay, Inc.*, 427 Pa. 128, 233 A.2d 883 (1967); *Temple University v. Zoning Hearing Board of Adjustment*, 414 Pa. 191, 199 A.2d 415 (1964); *Fantastic Plastic, Inc. v. Zoning Board of Adjustment*, 16 Pa. Commonwealth Ct. 455, 332 A.2d 577 (1975).

Our review of the record demonstrates to our complete satisfaction that the Zoning Hearing Board's conclusion that the requirement of the ordinance that the rooming house harmonize with the neighborhood was not met and that the same testimony would support the further conclusion that the health, safety and welfare of the community would be impaired by granting Hannon's rooming house on Franklin Street, Wilkes-Barre, the imprimatur of the city zoning authorities.

Hannon's arguments that the Board erred in considering past events at his rooming house because his application must be considered only prospectively or because he has installed his son as resident manager with direction to keep order are obviously without merit. His complaints concerning the lower court's discussion of the evidence and the law are irrelevant to our review of the Board's decision.

Affirmed.

## Order

And Now, this 10th day of November, 1977, the order of the Court of Common Pleas of Luzerne County, made August 25, 1975, is affirmed.