**Wegman Application**

Before Eshelman, *P.J.*, and Schaeffer, *J.*

*Brett A. Huckabee*, for applicant.
*Francis M. Mulligan*, for township.
*Scott L. Huyett*, for zoning hearing board.

SCHAEFFER, *J.*, August 15, 1978—In August, 1977, Levi M. Wegman, appellant "Wegman," filed a request with the Oley Township Zoning Hearing Board for a special exception to use over five acres of his property as a picnic grove. The area is part of a 29-acre tract owned by Wegman on Wiest School Road near Friendensburg Road in Oley Township, and it is located in an area zoned as an "R-U" Rural District.

A picnic grove is a use authorized as a special exception under §401(5)(a) of the Oley Township Zoning Ordinance in this district.

On September 27, 1977, the board held a public hearing on appellant's request. From the testimony at the hearing, it appeared that appellant had used the premises 12 times prior to applying for the special exception, and that during one of those times,

on August 13, 1977, a rock and roll band played until 10:30 p.m.

Besides appellant, 10 witnesses testified, all of whom live near the grove. Of the 10, only 4 objected to granting the special exception, primarily on the grounds either that the music on August 13, 1977, was too loud, or that music at the grove could become a problem.

On November 10, 1977, the board granted the special exception, subject to 14 conditions. On this appeal, appellant objects to each condition.

The conditions imposed by the board are:

"(1) That the applicant conduct the permitted use in the manner stated in the findings of fact supported by the evidence presented as modified by the hereinafter stated conditions and restrictions.

"(2) That the activities be conducted between the hours of 12 noon and 9 p.m., prevailing time.

"(3) That all trash, refuse and garbage from the activities conducted be gathered and removed from the premises as soon as possible, but in any event no later than twenty-four (24) hours after the close of an event.

"(4) That the grounds be policed periodically for foreign objects which shall be removed forthwith.

"(5) That no parking be permitted on the roads abutting the premises and all vehicles be parked on the grounds in the manner described in the findings hereof.

"(6) That the applicant limit the number of persons attending the activities to no more than three hundred (300) at one time.

"(7) That the applicant cause his representative to be present in a supervising capacity at any event wherein more than two hundred (200) persons are expected to be present and for events wherein two

hundred (200) persons or less are expected cause a periodic check to be made in order to assure himself that the activities are orderly and in accord with this Special Exception.

"(8) That the applicant confine his leasing of the premises to organized groups or family gatherings therein providing some ongoing degree of responsibility.

"(9) That the applicant shall not offer or provide to any degree a catering service on the premises.

"(10) That the applicant maintain all facilities provided in good working order and condition.

"(11) That the applicant refrain from installing or making available any and all public address or other amplifying systems and prohibit the persons using the premises from having music or other sustained noise whether amplified or not at any time.

"(12) That the applicant shall not increase, expand, add to or extend his structures or activities from those stated in the findings without permission from this Board after hearing and notice.

"(13) That the applicant upon petition to this Board and after notice and hearing may obtain a waiver or removal of any of the conditions and restrictions imposed upon the presentation of evidence that the standards of the ordinance will be met.

"(14) That this Board reserves the right after hearing and notice to cancel this Certificate of Special Exception upon finding upon competent evidence of a violation of the terms of this Special Exception."

Since this court has not taken additional evidence, our scope of review is limited to the question of whether the board abused its discretion or com-

mitted an error of law: Borough of Glenfield v. C. & E. Motors, Inc., 22 Pa. Commonwealth Ct. 115, 347 A. 2d 732 (1975), and Raum v. Board of Supervisors of Tredyffrin Township, 20 Pa. Commonwealth Ct. 426, 342 A. 2d 450 (1975).

Under section 913 of the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, art. IX, 53 P.S. §10913, the board has the right to attach *reasonable* conditions and safeguards in granting a special exception.

The issue thus presented is whether the conditions imposed upon appellant's use of his land are reasonable.

The board may deny a special exception if it would adversely affect the public health, safety, morals or general welfare of the community: Hannon v. Zoning Hearing Board of the City of Wilkes-Barre, 32 Pa. Commonwealth Ct. 356, 379 A. 2d 641 (1977), and Baker Appeal, 19 Pa. Commonwealth Ct. 163, 339 A. 2d 131 (1975).

It logically follows, therefore, that when a special exception is granted upon conditions, the conditions imposed must bear a reasonable relationship to the health, safety, morals or general welfare of the community: Pompei et ux. v. Zoning Board of Middletown Twp., 63 Del. Co. 273 (1976); Kenneson v. Whitemarsh Twp. Zoning Hearing Board, 97 Montg. 191 (1973); and Brandywine Youth Club, Inc. v. Zoning Board of the Township of Concord, 60 D. & C. 2d 290, 60 Del. Co. 311 (1972).

Condition 1 is too broad and vague to reasonably apprise appellant of what use he may make of his premises. We have read the board's findings of fact and, while we can guess at what the board meant by " the applicant (shall) conduct the permitted use in the manner stated in the findings of fact," we are

not certain. We find that the board, as a minimum requirement, must state in exactly what way appellant's use of his premises is restricted and conditioned. Therefore, condition 1 as imposed is invalid.

Conditions 2, 3, 5, 6, 7, 10 and 12 clearly have a reasonable relationship to the health, safety, morals and general welfare of the community and are, therefore, valid.

Condition 4, like condition 1, is too broad and vague. Foreign objects are in no way defined and literally mean each and every object not naturally on the site. If interpreted in this way, the condition is manifoldly unreasonable and bears no relationship to the health, safety, morals and general welfare of the community. If otherwise interpreted, the interpretation of necessity will be arbitrary and appellant will be unable to determine which foreign objects are permitted and which are not. Therefore, condition 4 is invalid.

Condition 8, like 1 and 4, is too vague. An organized group is not defined. Is it a formally organized association? Is it a group under the sponsorship of a single individual or given number of named individuals? What constitutes a family? Must an individual, or a number of named individuals, sponsor and be responsible for a particular "family gathering"? The condition provides no guidelines to answer any of these questions. Therefore, condition 8 is invalid.

Condition 9 is potentially discriminative and unreasonable. The condition does not prohibit catering. It simply prohibits appellant from being the caterer. Such a restrictive ban bears no relation to how often the grove will be used, nor does it follow

that if appellant is the caterer, the grove will be used more often, nor even if the grove is used more often, how such additional use would adversely affect the health, safety, morals or general welfare of the community. Indeed, if appellant, the owner of the premises, did the catering, it would seem that he would be more apt to see that the grove was used properly and within the terms of the special exception and the valid conditions thereto. Condition 9 is therefore invalid.

We find condition 11 overly broad. The condition prohibits persons using the permises from having *all* music or *other* sustained noise whether amplified or not at any time, thus determing that "all music" is a kind of "sustained noise," a conclusion at once shocking and incomprehensible to a person with any appreciation of art and culture. The condition further prohibits appellant (but not others) from installing or making available any and all public address or other amplifying systems. While the prohibition of amplified sustained noise which is so loud that it is annoying or constitutes a nuisance bears a reasonable relation to the health and general welfare of the community, the prohibition of all music does not. We find further that while the prohibition of amplification and public address systems could be reasonable under the circumstances and therefore valid, a prohibition which applies only to appellant and not to others is discriminating and invalid. Therefore, we find condition 11 as written invalid.

Condition 13 simply restates appellant's statutory right to apply for a special exception subject to different conditions and restrictions at a later date, a right any landowner always has. Whether appel-

lant will be entitled to have any of the present conditions removed or waived at such time will depend upon the factual situation then existing.

Condition 14 goes to the power and authority of the board. The question presented is: Does the board have the authority, on its own unilateral motion, to cancel its certificate of special exception? We find it does not.

Section 913 of the Pennsylvania Municipalities Planning Code, supra., 53 P.S. §10913, gives the board the power to " . . . hear and decide requests for . . . special exceptions . . . In granting a special exception, the board may attach such reasonable conditions and safeguards, in addition to those expressed in the ordinance, as it may deem necessary to implement the purposes of this act and the zoning ordinance."

Section 909 of the Pennsylvania Municipalities Planning Code, 53 P.S. §10909, states: "The board shall hear and decide *appeals* where it is alleged by the appellant that the zoning officer has failed to follow prescribed procedures or has misinterpreted or misapplied any provision of a valid ordinance or map or any valid rule or regulation governing the action of a zoning officer."

The Oley Township Zoning Ordinance, §1302(3), only empowers the board "[T]o hear and decide requests for special exceptions subject to such reasonable conditions as the board may deem necessary . . . "

Finally, section 614 of the Pennsylvania Municipalities Planning Code, supra, 53 P.S. §10614, sets forth that " . . . [t]he zoning officer shall administer the zoning ordinance . . . "

Thus, while both section 913 of the Pennsylvania Municipalities Planning Code and section 1302(3)

of the Oley Township Zoning Ordinance allow the board to attach reasonable conditions, and section 909 of the Pennsylvania Municipalities Planning Code gives the board power to decide appeals, they do not give the board the power (1) to administer or enforce the zoning ordinance, this power already having been delineated by the statute, section 614, or, (2) to revoke a special exception if the landowner violates a condition affixed thereto.

As pointed out in Ashbourne School, Inc. v. Cheltenham Township Zoning Hearing Board, 95 Montg. Co. 356 (1972), the proper means of enforcing the conditions imposed by a zoning board is to treat a breach of a condition as a violation of the zoning ordinance, subjecting the violator to a fine (Pennsylvania Municipalities Planning Code sec. 616), or empowering the court to issue an injunction to restrain the violation: (Pennsylvania Municipalities Planning Code sec. 617), 53 P.S. §§10616 and 10617.

Although we have found that conditions 1, 4, 8, 9 and 11 as written are invalid, nevertheless, much conduct which the board attempted to restrict by imposing these conditions can properly be restricted and conditioned. For example, amplified sound, or music or sound which, because of its volume or content causes, or is likely to cause, annoyance to other persons in the community, or which, in fact, creates a nuisance, can properly be prohibited. Also, a landowner properly can be required to police his land used for public picnics in order to remove broken glass, empty cans and bottles, garbage, and other matter which could create a safety or health problem. Finally, it is reasonable to direct a landowner using his land for public picnic purposes to require a named individual or indi-

viduals to assume responsibility for a group using the premises.

Unlike the situation where a court receives additional evidence, reverses a zoning hearing board and grants a variance (in which case the court can impose reasonable conditions upon the variance granted: Pfile v. Borough of Speers, 7 Pa. Commonwealth Ct. 226, 298 A. 2d 598 (1972)); a court, modifying a zoning hearing board's order granting a special exception, cannot itself impose additional conditions upon the special exception: Derr Flooring Company, Inc. v. Whitemarsh Township Zoning Board of Adjustment, 4 Pa. Commonwealth Ct. 341, 285 A. 2d 538 (1971). Even if we were inclined to do so, we could not impose new or different conditions to the special exception granted in this case. The proper procedure where, as here, additional valid conditions seem to be required, is to remand the matter to the board.

Therefore, we remand this matter to the Oley Township Zoning Hearing Board so that it may impose such additional conditions upon the special exception, if any, as it may deem proper and as are consistent with this opinion.

## ORDER

And now, August 15, 1978, conditions 1, 4, 8, 9 and 11 are declared invalid and void and this matter is remanded to the Zoning Hearing Board of Oley Township so that said board may modify the special exception granted in this matter by imposing such additional conditions as it may deem proper and as are consistent with this opinion.