Melvin Tuckfelt and Freda Tuckfelt, his wife, Appellants *v.* Zoning Board of Adjustment of the City of Pittsburgh, Appellee.

Argued October 3, 1983, before President Judge CRUMLISH, JR. and Judges BARRY and BARBIERI, sitting as a panel of three.

*Howard M. Lauck*, with him *Samuel P. Kamin*, *Goldberg & Kamin*, for appellants.

*D. R. Pellegrini*, Deputy City Solicitor, with him *Mead J. Mulvihill, Jr.*, City Solicitor, for appellee.

OPINION BY JUDGE BARBIERI, February 29, 1984:

Melvin and Freda Tuckfelt (Appellants) appeal here from an order of the Court of Common Pleas of Allegheny County affirming a denial by the Zoning Board of Adjustment of the City of Pittsburgh (Board) of their request for either a special exception or an occupancy permit to allow two roomers to lawfully occupy the third floor of a building Appellants own in Pittsburgh. We affirm.

The building in question, which the Appellants purchased in 1964, is located in an area of Pittsburgh zoned R-1A and has two complete dwelling units on the first and second floors, and two rooms with sepa-

rate bath facilities and entrances on the third. Although residential buildings located in R-1A districts are limited to a single "family dwelling[,]" Appellants obtained occupancy permits in 1964 and 1968 authorizing two single family dwelling units for their building since that use predated the adoption of the applicable zoning restriction.

After the purchase of their property, Appellants rented both the dwelling units and the third floor rooms in their building[1] and on April 20, 1979, applied for an occupancy permit authorizing the rental of their third floor rooms which the zoning administrator subsequently denied. Appellants then filed both an appeal notice and a request for a special exception with the Board requesting in each document an occupancy permit authorizing the rental of the rooms on the third floor of their building. The Board, in a decision dated October 26, 1979, dismissed both the appeal and the request for a special exception concluding simply that "[t]he Board is of the opinion that the proposed occupancy of third floor of a 2 1/2 story, 2 family dwelling, located in an R-1A zoning district, for two lodgers, would have a further detrimental and deleterious effect on this single family residential area." Appellants then filed an appeal to the court of common pleas where the matter was assigned to a referee for a hearing de novo.[2] Before the referee Appellants alleged (1) that the Board's decision was invalid since almost five months elapsed from the date of the Board's hearing until it issued its decision, (2) that the Board

---

[1] The rental of the third floor rooms was, of course, unlawful.

[2] The court was authorized to conduct a hearing de novo since a full and complete record of the proceedings before the Board had not been made. See Section 754(a) of the Local Agency Law, 2 Pa. C. S. §754(a).

improperly denied their special exception request, (3) that the Pittsburgh Code's (Code) definition of "family" was unconstitutional since it denied them equal protection under the law, (4) that the Code was unconstitutionally exclusionary, and (5) that they were entitled to an occupancy permit by estoppel. The referee subsequently issued a proposed adjudication finding no merit in any of these contentions, exceptions were filed and denied, and the proposed adjudication was adopted by the court. The present appeal followed.

Before this Court Appellants initially renew their contention that they are entitled to a deemed approval of their request for a special exception since five months elapsed between the date of the Board's hearing on May 25, 1979, and October 26, 1979, when the Board's decision was issued. We disagree.

Appellants recognize, of course, as they must, that the deemed approval provisions of Section 908 of the Pennsylvania Municipalities Planning Code (M.P.C.), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10908, have no applicability here since Pittsburgh, being a city of the second class, is not governed by the provisions of the M.P.C. They note, however, that Section 7 of the Act of March 31, 1927, P.L. 98, *as amended*, 53 P.S. §25057, authorizing the creation of the Board, provides that Board decisions are to be rendered, following hearings, "within a reasonable time[,]" and urge us to declare that decisions issued more than forty-five days after a Board hearing, the time period specified in Section 908 of the M.P.C., are *per se* unreasonable. We decline to do so.

Quite simply, if the General Assembly had intended to apply the deemed approval provisions of the M.P.C. to cities of the second class, it could have done so. Instead, it simply provided that decisions

rendered by zoning boards of adjustment in cities of the second class are to be rendered "within a reasonable time." Here, under the facts and circumstances of this case, we do not believe that the five month delay from the date of the Board's hearing until the date of its decision was unreasonable since Appellants continued to rent their third story rooms during this period, and hence suffered no prejudice to their interests. We accordingly find no merit in Appellants' first allegation of error.

Appellants next allege, citing *inter alia Copeechan Fish and Game Club v. Zoning Hearing Board of North Whitehall Township,* 32 Pa. Commonwealth Ct. 415, 378 A.2d 1303 (1977), that the objectors failed to establish to a high degree of probability that their proposed use would have a substantial adverse affect on the community. We disagree.

Section 927.05 of the Code, a section of the Code pertaining to use exceptions in R1-A districts, reads in pertinent part as follows:

> The uses listed in this section are permitted under the provisions of Section 927.02 in conformity with the height and area provisions of Section 927.03 and 927.04 unless otherwise prescribed hereunder.
>
> . . . .
>
> (b) Uses which are permitted only as special exceptions by the Board *in conformity with the use provisions of Chapter 909.*
>
> . . . .
>
> (2) Extension of a nonconforming use within a nonconforming structure. . . . (Emphasis added.)

Section 909.06 of the Code, in turn, provides in pertinent part as follows:

(a) GENERALLY. Upon application, in accordance with the provisions of this Zoning Ordinance and the rules of procedure of the Board, the Board shall determine the reasonableness and propriety in particular cases of any one of the following special exceptions to the district regulations of this Zoning Ordinance. The Board shall make its determination in conformity with the spirit of Section 901.06 and may authorize the issuance of an occupancy permit for the following in conformity with the provisions prescribed hereunder and all other applicable provisions of this Zoning Ordinance, unless otherwise excepted hereunder. No special exceptions shall be approved if any of the following findings is made:

(1) That the establishment, maintenance, location and operation of the proposed use will be detrimental to or endanger the public health, safety, morals, comfort or general welfare;

(2) That the proposed use will be injurious to the use and enjoyment of other property in the immediate vicinity for the purposes permitted, nor substantially diminish or impair property values within the neighborhood;

. . . .

(5) That adequate measures have not been or will not be taken to provide ingress and egress designed so as to minimize traffic congestion in the public streets. . . .

. . . .

(b) Special Exception in Use.

. . . .

(5) Extension of a nonconforming use within a nonconforming structure. . . .

It is, of course, well settled that the objectors have the burden of production, as well as the burden of persuasion, where the statute does not, as here, provide otherwise, of establishing the existence of nonspecific criteria, such as detriment to the public health, safety, or welfare, which would preclude the granting of a special exception. *Kerr v. Zoning Hearing Board of the Township of Tredyffrin,* 68 Pa. Commonwealth Ct. 396, 449 A.2d 781 (1982). Moreover, it is equally clear that objectors cannot meet their burden by merely speculating as to possible harm, but instead "must show to a high degree of probability that the proposed use will substantially affect the health and safety of the community." *Copeechan,* 32 Pa. Commonwealth Ct. at 421, 378 A.2d at 1306.

Here, the court of common pleas stated in its decision that

> there was over-riding testimony by neighboring owners, residents, and taxpayers that increased occupancy of the subject property in this R-1A highest class residential district was detrimental to the public health, morals, safety and general welfare of the neighborhood stemming from increased traffic, no available parking, litter, loud noises and unseemly conduct.

This finding was amply supported by the testimony before the court of common pleas of three property owners residing near the subject property who indicated that the additional roomers added more noise to the neighborhood by playing their own stereo systems, created additional parking problems since there were no on site parking spaces available, added to the trash and litter found on the property, and inhibited their neighbor's enjoyment of their surrounding prop-

erties by having loud parties that generated litter which was on occasion cleaned up by neighboring residents. Since this testimony clearly constituted substantial evidence sufficient to support the court's above-quoted finding, and since this finding was legally sufficient to support a denial of a special exception request, *see Hannon v. Zoning Hearing Board of the City of Wilkes-Barre,* 32 Pa. Commonwealth Ct. 356, 379 A.2d 641 (1977), we find no merit in Appellants' assertions to contrary.

Appellants next raise a number of constitutional arguments in support of their contention that Section 903.02(f) of the Code, a section of the Code defining the term "family," is unconstitutional. These arguments are apparently raised here since the Board indicated in its decision, in dicta, that Appellants may not be lawfully renting the two authorized single family residential units on their property since these units are occupied by more than three unrelated students.[3] We need not address these issues here, however, since the only issue that was before the Board and the court, and the only question that may be addressed here, is whether Appellants are entitled to a special exception to allow the renting of two rooms in addition to the two single family dwelling units already authorized on their property. This

---

[3] The term "Family" is defined in Section 903.02(f)(b) of the Code in the following manner:

"Family" means:

. . . .

(b) A group of not more than three persons who need not be related by blood or marriage or adoption, living together as a single housekeeping unit in a dwelling unit, and sharing common facilities as considered reasonably appropriate for a family related by blood, marriage or adoption; in either case exclusive of usual servants.

question is unrelated to the issue of whether Section 903.02(f) of the Code is unconstitutional.

Finally, Appellants allege that they are entitled to a special exception since they have rented the two rooming units in question without being challenged by the City of Pittsburgh from the date of the purchase of their property in 1964. We disagree since it is "the settled law that mere delay in enforcement does not create a vested right to use property in violation of zoning regulations." *Lewis v. Lower Gwynedd Township Zoning Hearing Board*, 24 Pa. Commonwealth Ct. 574, 576, 357 A.2d 725, 726 (1976); *Dewald v. Board of Adjustment, City of Pittsburgh*, 13 Pa. Commonwealth Ct. 303, 320 A.2d 922 (1974).

We shall accordingly affirm.

ORDER

Now, February 29, 1984, the order of the Court of Common Pleas of Allegheny County at No. SA 1274 of 1979, dated March 31, 1981, is affirmed.