540 A.2d 995

Visionquest National, Ltd., Appellant *v.* Board of Supervisors of Honeybrook Township, Chester County, Pennsylvania, Appellee.

Argued February 22, 1988, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Glenn R. Diehl*, with him, *W. Robert Landis, W. Robert Landis Associates, P.C.,* for appellant.

*Patrick C. O'Donnell*, with him, *John E. Good*, for appellee.

OPINION BY SENIOR JUDGE KALISH, May 3, 1988:

Visionquest National, Ltd. (Visionquest) appeals an order of the Court of Common Pleas of Chester County which affirmed the decision of the Board of Supervisors

of Honeybrook Township (Board) denying an application for a conditional use permit. We reverse.

Visionquest is a corporation providing rehabilitation programs for children between the ages of twelve and eighteen. It operates a school camp or "wilderness camp" on a 36.8 acre tract, in which traditional classroom education is combined with outdoor activities. All the youngsters sleep in tepees on the grounds. The operation is so structured as to involve up to forty youngsters and thirty staff people.

Protestants at the hearing, objecting to the issuance of the conditional use permit, were the Tel-Hai Retirement Community and the proprietors of Two Log Camp. Both are immediate neighbors of the Visionquest facility and their campground facilities are used extensively by visitors and travelers.

Section 302 of the Honeybrook Township Zoning Ordinance of 1979 (Ordinance) permits an educational use as a conditional use in an "A" agricultural district. Both the Board and the trial court determined that such use would be permitted provided that the proposed use does not present an adverse impact greater than that normally associated with a school or educational use. This imposes a burden upon the protestants to show, by substantial evidence, that the proposed use would pose a substantial threat to the community. They must demonstrate an adverse impact greater than that which would normally be expected with respect to this educational use. *Bureau of Corrections v. Pittsburgh City Council,* 516 Pa. 75, 532 A.2d 12 (1987); *Warren County Probation Assoc. v. Warren County Zoning Hearing Board,* 50 Pa. Commonwealth Ct. 486, 414 A.2d 398 (1980).

The trial court concluded, based on the findings made by the Board, that the Visionquest program differed from a "normal school experience" in that the youths are referred, for the most part, from the criminal

justice system to Visionquest as an alternative to confinement. The Board found that some of the youths are emotionally disturbed, severely troubled, and potentially dangerous, and that all are unable to function satisfactorily in a regular school setting. Some have been declared juvenile delinquents, with backgrounds which include rape, aggravated assault and battery, simple assault and drug problems. While they are not permitted to leave the facility, there have been occasions when a youth has left the premises and a search was conducted which overlapped into the neighboring properties.

The Board's findings formed the basis for the denial of the conditional use. It found that the protestants had met their burden of showing an adverse effect on the neighborhood. However, there is nothing in the record that shows that the adverse impact of this operation would be substantially greater than other educational uses, such as a public school, for example. In the few instances where a youth did leave the grounds, there is no evidence of any criminal conduct.

An examination of the record fails to reveal substantial evidence that the adverse impact would be greater than that which would normally attend this type of educational operation. The protestants must meet the high degree of probability standard necessary to sustain their burden. The mere possibility of an adverse impact based on unsupported anxieties or worries is insufficient. *Zoning Hearing Board v. Konyk*, 5 Pa. Commonwealth Ct. 466, 290 A.2d 715 (1972).

Accordingly, we reverse the order of the trial court.

### Order

Now, May 3, 1988, the order of the Court of Common Pleas of Chester County, No. 85-02017, dated March 12, 1987, is reversed.

Judge Doyle dissents.