569 A.2d 915

**VISIONQUEST NATIONAL, LTD., Appellee,**

v.

**BOARD OF SUPERVISORS OF HONEY BROOK TOWN-
SHIP, CHESTER COUNTY, Pennsylvania, Appellant.**

Supreme Court of Pennsylvania.

Argued April 10, 1989.

Decided Feb. 1, 1990.

Reargument Denied March 29, 1990.

John E. Good, Patrick C. O'Donnell, West Chester, for appellant.

Jonathan L. Wesner, Redding, James Gordon Porter, Jr., West Chester, for amicus curiae Tel Hai.

W. Robert Landis, West Chester, Glenn Diehl, Media, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

NIX, Chief Justice.

The Board of Supervisors of Honey Brook Township, Chester County, Pennsylvania, have brought this appeal from the Commonwealth Court's reversal of an order of the Chester County Court of Common Pleas, affirming the denial of Appellee's application for a conditional use permit. Two questions are presented for our consideration: a) whether the Visionquest facility satisfies the criteria to be characterized as a school under the township's conditional use ordinance and b) whether the protestors met their burden of establishing that the proposed use would be detrimental to the community.

The appellee operates a rehabilitative facility for youths, a majority of whom are referred to the program by the judicial system. The youths are generally adjudged juvenile delinquents. The program is known as a "wilderness" program and consists of outdoor experience combined with some traditional classroom instruction. It is one step in a three-phase placement program for these youths. The other steps include a "wagontrain experience" and a residential school facility, both of which are located elsewhere. The physical facility for the "wilderness experience" is located in an agricultural section of Honey Brook Township and is structured as a camp, with the "students" living in teepees they build themselves. There is one large "A" frame tent which houses the eating area for the students as well as an area for performing administrative functions and mass communication with the students.

The Honey Brook facility was established in July, 1983, without appellee first obtaining the necessary approvals and licenses. The zoning ordinance for the area in which the facility was located is designated agricultural; allows conditional uses in such areas, including churches, schools and campgrounds; but expressly prohibits conditional uses for correctional institutions. (See n. 4, *infra.*) Since appellee sought no such approval prior to the commencement of operation, the appellant issued a cease and desist order in August, 1983. Thereafter, appellee filed an appeal from that order and an application for conditional use approval. A hearing was subsequently held by appellant, with all interested parties participating.

At the hearing, the appellee presented testimony of an expert in education who attempted to establish the Visionquest facility as a school and therefore within the conditional uses of such an area. Residents and neighboring property owners testified that this facility would have a substantial detrimental effect on the area. The Board of Supervisors denied the application, stating that appellee had not complied with all of the ordinance criteria. Specifically, the

Board found that while the proposed use was an educational facility, the applicant had not presented any evidence that the proposed use was necessary or important to the Township.[1] The Board concluded that without satisfying that burden the application must fail. The Board went further to state that assuming the applicant did satisfy all of the criteria for a conditional use, the protestors met their burden for denial of the application by establishing that the proposal would have a detrimental effect on the welfare of the community.

. The Court of Common Pleas of Chester County ruled that the Board misapplied the initial burden of the applicant but affirmed the denial of the conditional use permit on separate grounds. That court held that once the applicant had established compliance with the objective standards of the ordinance, the burden shifted to the protestors to show that the proposed use was not in compliance with subjective provisions. Specifically, the court held that once the Board concluded Visionquest was in fact a school[2] under the conditional use ordinance, the burden shifted to the protestors to show that the facility was not in compliance with the Township Comprehensive Plan or presented a detriment to

1. Section 901.3 of the Conditional Use Regulations states in pertinent part:

   A Conditional Use is distinguished from a use of Right in that such uses can be allowed or denied by the Board of Supervisors of Honey Brook Township, after consultation with the Township Planning Commission, and, pursuant to specific standards and criteria set forth in this Ordinance.

   \*      \*      \*      \*      \*      \*

   The following factors and criteria shall apply to all Conditional Uses permitted within any Zoning District:

   a) The importance of the proposed Conditional to the Township

   \*      \*      \*      \*      \*      \*

   g) the absolute need for a proposed use if viable alternative locations exist and such use, in its proposed location, has identified detriments.

2. The court of common pleas held that the Board properly concluded that Visionquest met its initial burden of establishing that its proposed use was educational. No. 82–02017, slip op. at 7, (Common Pleas Court of Chester County, March 11, 1987).

the community.[3]

The common pleas court then reviewed the evidence presented by the residents of the community and concluded that the burden had been met to deny the application on the grounds of detriment to the community. No. 85–02017, slip op. at 10–16, (Common Pleas Court of Chester County, March 11, 1987). The protestors offered testimony that obscenities and loud noises could be heard every morning at the facility. Furthermore, the neighbors expressed concern over the possible dangers of a "student" who escapes. The court relied upon the apprehension of the residents to deny the application for a conditional use permit. Such concern was not without support considering the background of these youths, incidents of property damage at Visionquest's Venango County facility, and the clear statement of Visionquest that they would not accept responsibility for any property damage caused by an escaped youth. The court stated that the residents were not merely testifying about speculation or unsupported anxieties but were relating experiences with this Visionquest facility during its unauthorized and unapproved use. Slip. op. at 16.

The Commonwealth Court in a cursory opinion reversed the opinion of the common pleas court as well as the decision of the Board of Supervisors. The Commonwealth Court accepted the Board's conclusion that the facility was a school and held that the protestants had not presented substantial evidence to establish a detriment greater than that of any other school facility. *Visionquest National Ltd. v. Board of Supervisors of Honeybrook Township,* 115 Pa.Commw. 562, 540 A.2d 995 (1988). The Commonwealth Court noted that the mere possibility of an adverse impact, based on unsupported anxieties, was insufficient to

---

**3.** Section 901.3 of the Conditional Use Regulations provides in pertinent part:

\*     \*     \*     \*     \*     \*

d) the relationship of the proposed use of the goals and objectives to the Township Comprehensive Plan

\*     \*     \*     \*     \*     \*

f) the safety of personal property if a proposed use is allowed (for example, storage in a Flood Hazard District)

meet the appellant's burden of proof. *See, Zoning Hearing Board v. Konyk,* 5 Pa.Commw. 466, 290 A.2d 715 (1972).

Conditional use ordinances are evidence that the municipality has determined the particular use is not adverse to the public interest *per se. See, Brentwood Borough v. Cooper,* 60 Pa.Commw. 462, 431 A.2d 1177 (1981); *City Planning Commission of Greensburg v. Threshold, Inc.,* 12 Pa.Commw. 104, 315 A.2d 311 (1974). Once an applicant for a conditional use permit has presented evidence to establish the specified standards in the ordinance, the application must be granted, unless the protestors to such an application have presented sufficient evidence that such a use would pose a substantial threat to the community. *See, Susquehanna Township Board v. Hardee's Food System,* 59 Pa.Commw. 479, 430 A.2d 367 (1981); *Greensburg, supra.* Such evidence cannot consist of mere "bald assertions, personal opinions, and perceptions" of the use and its effect on the neighborhood. *Commonwealth of Pennsylvania, Bureau of Corrections v. City of Pittsburgh,* 516 Pa. 75, 532 A.2d 12 (1987). Furthermore, testimony as to prior experiences with the specific proposed use, while the use was conducted unapproved or unlawfully, should be given greater weight in determining the detriment to the community as such testimony is clearly not speculative. *See, Tuckfelt v. Zoning Board of Adjustment of the City of Pittsburgh,* 80 Pa.Commw. 496, 471 A.2d 1311 (1984); *Atlantic Richfield Company v. City of Franklin Zoning Hearing Board,* 77 Pa.Commw. 102, 465 A.2d 98 (1983); and *Hannon v. Zoning Board of Wilkes Barre,* 32 Pa. Commw. 356, 379 A.2d 641 (1977).

The appropriate scope of review for this Court, in a denial of conditional use permit, is limited to whether an abuse of discretion or an error of law has been committed. *Bachman v. Zoning Board of Bern Township,* 508 Pa. 180, 494 A.2d 1102 (1985); *Valley View Civic Assoc. v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983); *Lower Merion Township v. Enokay, Inc.,* 427 Pa. 128, 233 A.2d 883 (1967). An abuse of discretion will only be found

in circumstances wherein the findings of the Board are not supported by substantial evidence. *Valley View, supra; Bilotta v. Haverford Township Zoning Board of Adjustment,* 440 Pa. 105, 270 A.2d 619 (1970); *Pennsylvania Municipal Planning Code,* § 1010 Act of June 1, 1972, P.L. ——, No. 93, 53 P.S. § 11010. Here, we review the findings of the Board to determine whether the applicant met the criteria of a school under the conditional use ordinance and whether the protestors met their burden of proving that the proposed use would have a detrimental effect on the community.

■ A review of this record clearly indicates sufficient evidence to support the protestors claim that this proposed use would pose a greater detriment to the community than any other school facility. Here, the "students" reside at this facility twenty-four hours per day, seven days per week (N.T. Sept. 13, 1983 at 81–82). The youths are referred to Visionquest from the criminal justice system, where they have been adjudged juvenile delinquents (N.T. at 26). Placement of the youths at this facility is an alternative to secure confinement, at the discretion of the court (N.T. at 26–27). All of the youths have demonstrated an inability to function in a regular school setting (N.T. March 26, 1984 at 24–25). The youths are not permitted to leave the premises without authorization and they are under observation on a twenty-four hour basis (N.T. at 82). Should a youth escape, the Visionquest staff is required to search and apprehend the youth. The neighboring residents testified that during such searches, while the facility was unauthorized, they were warned that the missing youth "could be dangerous" and that precautions should be taken. (N.T. at 97–98).

Clearly, the residents of the community were not making "bald assertions" or stating "unsupported anxieties". They were offering testimony as to their experiences with this specific facility during its illegal and unlicensed activity. Both the Board and the court of common pleas concluded that the protestors satisfied their burden of establishing that the proposed use would be of a greater detriment to

the community than any other educational facility. The Commonwealth Court concluded, "The mere possibility of an adverse impact based on unsupported anxieties or worries is insufficient." No. 651 C.D.1987, slip op. at 3 (Commonwealth Court February 22, 1988). Upon this record, we must agree with the Board and hold that the protestants satisfied this burden.

■ Moreover, this record does not support Visionquest's contention and the Board's finding that this facility is a school. In this case, the applicant attempted to qualify as an educational facility under the township's conditional use ordinance.[4] The applicant presented testimony of an education expert to establish that the facility was indeed a school. That testimony stated that the "students" received some traditional classroom training in addition to the outdoor experience provided by the "wilderness camp." Notwithstanding, the testimony of that expert concerning this facility was insufficient to establish the criteria of the conditional use ordinance. Throughout the testimony of the expert, it was clear that he had never visited the facility. His testimony was based solely upon conversations with instructors at the facility and pamphlets describing the project. Indeed, the witness conceded that this facility could be classified as a school only if it was in fact operated in the manner described in the pamphlets. (N.T. Sept. 13, 1983, at 88). The expert also stated that he could not testify as to the adequacy of the physical plant of the facility.[5] (N.T. at 76–77). Without a personal examination

---

4. Section 302.2 specifies conditional uses which may be approved by the Board of Township Supervisors, and provides in pertinent part:
   a) public or private schools
   b) day care centers and private kindergarten uses
   * * * * * *
   d) church, educational, religious, charitable or philanthropic use, *excluding correctional and penal institution* (emphasis added)

5. It appears that the physical plant of the facility should have been an essential feature of an expert's testimony regarding the classification of a school for zoning purposes. Without such testimony or other evidence presented on this specific issue, the finding of the Board that

of the facility and testimony as to how the facility actually functioned as a school, the testimony of that expert falls short of that required by the zoning ordinance to establish the compliance of this facility with the criteria of the ordinance.

Furthermore, the penal aspect of this facility cannot be ignored when considering whether it could be categorized as a school. The conditional use ordinance clearly excluded "correctional or penal institutions" from this area. See, n. 4 *supra.* A flat assertion that traditional subjects are taught at the facility cannot establish that it is educational rather than penal in nature. The mere fact that the facility provides an educational experience does not make it a school. The primary function of the "wilderness" camp is penological in nature and, like many other penal institutions serving juvenile offenders, it offers some educational instruction. Providing "educational instruction" does not disguise the primary mission of Visionquest, which is to alter aberrant behavior patterns. The majority of the youths are adjudged juvenile delinquents and emotionally disturbed children referred to appellee by the court system. These are young people who are severely troubled and potentially dangerous (some rapists, drug addicts and violent assaulters). The appellee's expert incorrectly suggested that the fact that this facility does not have a fence supports the conclusion that the facility is a school and not a penal institution. (N.T. at 78). That fact more properly supports the residents' claims that the facility is unsafe and a detriment to the community.

For the foregoing reasons, we find the Board properly concluded the protestors met their burden of establishing that the proposed use would be detrimental to the community. We also find that the Board committed an error of law when it concluded that the applicant had met the criteria for an educational facility under the conditional use ordinance.

this facility was an educational facility could not be supported by substantial evidence.

Either of these findings requires a reversal of the order of the Commonwealth Court.

Accordingly, the order of the Commonwealth Court is reversed and the Board's order denying the conditional use permit is reinstated for the reasons set forth herein.

LARSEN, J., files a joining concurring opinion.

ZAPPALA, J., files a dissenting opinion.

LARSEN, Justice, concurring.

I join the opinion of the majority. I write separately, however, to emphasize why this Court finds that the location of appellee VisionQuest's wilderness camp would be a detriment to the community in which it is located.

The closest neighbors of appellee's wilderness camp, i.e., those within a half mile radius, include a bible camp, which hosts 250 campers during the summer months; a retirement community, which houses 325 elderly residents and staff year round; and two campgrounds, one of which sees a pass-through population of approximately 1,000 people from April 15 through October 15. Notes of Testimony (N.T.) at 27–32 (April 23, 1984) and N.T. at 119–21 (December 20, 1983).

As Mr. Justice Musmanno noted with his usual expressiveness:

> [T]ownship authorities have the right to refuse to allow in the midst of its territory an omnipresent, possible disaster. No one could reasonably object if the township declined to permit a tiger farm within its geographical limits, regardless of the height of the walls built around the tigers, and regardless how expert might be the tiger trainers employed to guard these creatures of the jungle.

*Tidewater Oil Company v. Poore*, 395 Pa. 89 at 96, 149 A.2d 636 at 639 (1959). Although appellee is to be commended for trying to turn around the lives of severely troubled youths, its "wilderness" camp should not be located in close proximity to nearly one thousand people, most of whom are either elderly or living temporarily in tents and

camper trailers and cannot even retreat to the safety of a secured home when one of those "out of control" youths is on the loose. It must be noted as well that Honey Brook Township has only a part-time police force (eight hours per day, six days per week), and the State Police take up to two hours to respond to a call from the community. N.T. at 21–22 (June 4, 1984). Clearly, there was substantial evidence to support the Board's finding that appellee's use of the property in question was detrimental to the health, safety and welfare of the community. In fact, if the Board would have found otherwise, it would have been error.

Accordingly, I join the order of the majority reversing the order of the Commonwealth Court.

ZAPPALA, Justice, dissenting.

In reaching its desired result, the majority has concluded that the Visionquest facility was not an educational facility within the meaning of the conditional use section of the Honey Brook Township Zoning ordinance. The majority states that the facility is a penal institution when the finding of the Board regarding the educational status of the facility has not been challenged in this appeal or elsewhere.

I am puzzled as to why the majority carries out the charade of considering whether or not the protestors met their burden of showing that the use was detrimental to the neighborhood. It is clear that the evidence relied on in this regard consisted of mere "bald assertions, personal opinions, and perceptions" of the use and its effect on the neighborhood and does not support the conclusions reached by the majority. *Commonwealth of Pennsylvania, Bureau of Corrections v. City of Pittsburgh*, 516 Pa. 75, 532 A.2d 12 (1987).

The inadequacy of this evidence to support a finding of detriment to the neighborhood has led the majority to reach an issue that ought not be addressed. Clearly, the proper scope of review exercised by this Court has been exceeded by the majority's *sua sponte* review of the Board's conclusion that the facility was an educational use. By reviewing

issues not raised before this court, the majority has denied to Appellee the opportunity to address the issue of whether the facility was an educational use before it was decided. In the face of inadequate evidence to support a finding of detriment, the majority has buttressed its decision with a finding it was not asked to make.

For the above reasons, I would affirm the decision of the Commonwealth Court.