**[J-70-2018] [MO: Todd, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| EQT PRODUCTION COMPANY AND ET BLUE GRASS CLEARING, LLC, | : | No. 4 WAP 2018 |
| | : | |
| | : | Appeal from the Order of the |
| Appellees | : | Commonwealth Court entered May 18, |
| | : | 2017 at No. 1184 CD 2016, affirming |
| | : | the Order of the Court of Common |
| v. | : | Pleas of Allegheny County entered |
| | : | June 21, 2016 at No. SA 16-000025 |
| | : | and remanding. |
| BOROUGH OF JEFFERSON HILLS, | : | |
| | : | ARGUED:  October 23, 2018 |
| Appellant | : | |

**DISSENTING OPINION**

**JUSTICE MUNDY**                                        **DECIDED:  MAY 31, 2019**

I respectfully disagree with the Majority's conclusion that when addressing a conditional use application a municipality may consider the testimony of residents of another municipality regarding what they characterize as a similar use by the same applicant.

Conditional uses are not actual exceptions or variances from a zoning ordinance. Rather, they are uses permitted by right as long as the standards set forth in the zoning ordinance are met. *Bray v. Zoning Bd. of Adjustment*, 410 A.2d 909, 911 (Pa. Cmwlth. 1980).  The fact that a use is permitted as a conditional use presumptively establishes that the particular type of use is consistent with the health, safety and welfare of the community.  In the instant matter, the Ordinance providing for the zoning of oil and gas drilling operations contains the following legislative findings:

A. The Borough Council of Jefferson Hills finds that the proposed new provisions regarding the zoning of oil and gas operations will promote the public health, safety and welfare and practical community development in the Borough of Jefferson Hills and will provide for gas and oil drilling to take place in areas of the Borough in locations which will allow extraction of gas and oil with the least detrimental impact on residentially zoned property, historic or recreational resources, hospitals, nursing homes, daycare centers and schools. As such, the proposed provisions will further the goals of the Comprehensive Plan to preserve the single family character of the Borough, to manage and promote future growth and to protect natural sites.

B. The regulation of well sites herein will permit reasonable access to a large percentage of the gas resources in the Borough, while protecting certain other uses and by regulating gas and oil well use in a manner similar to other permitted mineral removal without regulating the technical aspects of oil and gas well functioning and matters ancillary thereto.

Ordinance No. 833, adopted 6/9/14.

"An applicant is entitled to a conditional use as a matter of right, unless it is determined that the use does not satisfy the specific, objective criteria in the zoning ordinance for that conditional use." *In re Drumore Crossings L.P.*, 984 A.2d 589, 595 (Pa. Cmwlth. 2009) (citation omitted).

Objectors to a proposed conditional use do not meet their initial burden with respect to public health, safety or welfare criteria of a zoning ordinance by expressing generalized concerns. Rather, they must come forward with "sufficient evidence to establish that there is a high degree of probability that the use will cause substantial threat to the community." *In re Cutler Group*, 880 A.2d 39, 43 (Pa. Cmwlth. 2005) (citation omitted). "Moreover, the degree of harm required to justify denial of the conditional use must be greater than that which normally flows from the proposed use." *Id.*

In *Appeal of O'Hara*, 131 A.2d 587 (Pa. 1957), this Court noted the following with respect to objections based on speculative future concerns:

> *Any* traffic increase with its attendant noise, dirt, danger and hazards is unpleasant, yet, such increase is one of the inevitable accompaniments of suburban progress and of our constantly expanding population which, *standing alone*, does not constitute sufficient reason to refuse a property owner the legitimate use of his land. It is not *any* anticipated increase in traffic which will justify the refusal of a 'special exception' in a zoning case. The anticipated increase in traffic must be of such character that it bears a *substantial* relation to the health and safety of the community. A prevision of the effect of such an increase in traffic must indicate that not only is there a likelihood but a high degree of probability that it will affect the safety and health of the community, and such prevision must be based on evidence sufficient for the purpose. Until such strong degree of probability is evidenced by legally sufficient testimony no court should act in such a way as to deprive a landowner of the otherwise legitimate use of his land.

*Id.* at 596 (quotations and citations omitted).[1]

Recognizing that oil and gas operations will affect the community, the Borough Council enacted the 22-page single-spaced Ordinance that places significant conditions on the use. In fact, the Borough Council's written decision recognized that EQT's application complied with both the general and specific requirements for a natural gas production facility as a conditional use in the B-P Business Park Zoning District and the OG-U Gas Development Overlay District - Unconventional Wells. Conditional Use Application Written Decision, 12/23/15, at 25-26. Nevertheless, the Borough Council found, and the Majority agrees, that the testimony of the objectors was properly received and considered when denying EQT's conditional use application.

---

[1] Although *Appeal of O'Hara* involved a special exception, not a conditional use, "the law regarding conditional uses and special exceptions is virtually identical." *In re Thompson*, 896 A.2d 659, 670 (Pa. Cmwlth. 2006).

With respect to the Objectors' testimony, I disagree with the Majority's decision to extend *Visionquest Nat., Ltd. v. Bd. of Sup'rs of Honey Brook Tp.*, 569 A.2d 915 (Pa. 1990) to the instant matter. In *Visionquest*, a youth rehabilitation facility that operated without the appropriate approvals and licensing sought a conditional use permit. At a hearing before the Board, objectors testified regarding their personal experiences with the actual facility at issue. This Court noted such testimony, "should be given greater weight in determining the detriment to the community as such testimony is clearly not speculative." *Id*. at 918. In addition to this testimony, the Court noted, without further elaboration, "incidents of property damage at Visionquest's Venango County facility." *Id.* at 917. In light of this limited reference to a facility in another county, I disagree that *Visionquest* is a proper basis for a new rule of law that testimony regarding occurrences in a different municipality alone may be considered by the Council when reviewing an application for a conditional use. Rather**,** *Visionquest* simply stands for the proposition that neighbors' experiences regarding the actual facility at issue constitute "sufficient evidence that such a use would pose a substantial threat to the community." *Id.* Accordingly, I do not believe it supports considering testimony regarding a use on a different site, in a different municipality that regulates the use under a different zoning code.

The Majority relies on the testimony of Union Township, Washington County resident Bob Domman. Mr. Domman did not testify that he lived in the area of the Trax Farm site or that he made any personal observations of activity on the site. Although he testified about the noise and nuisance easements that EQT obtained from residents near the Trax Farm site, he neglected to note that the easements, which were made part of the record, specifically provide that EQT denies the allegations that their operations

create a nuisance. Moreover, Mr. Domman presented no evidence regarding the Bickerton well site.

The Majority further relies on the testimony of Objectors Gary Baumgartner and Mickey Gniadek who live near the Trax Farm site, and Andy Tullai, a Jefferson Hills resident who used to live near the Trax Farm site. They presented unsubstantiated allegations regarding noise, vibrations, and perceived health impacts they experienced. None of these Objectors testified as to any effects related to the Bickerton well site, but instead focused on oil and gas development generally. They presented no testimony from industrial, environmental or medical experts supporting their concerns or linking the conditions at the Trax Farm site to the Bickerton well site.

The Majority asserts that "[t]he unrebutted evidence provided through the testimony of the Union Township objectors . . . considered in its entirety, established that EQT's Trax Farm site was of similar nature to the proposed Bickerton site." Majority Op., at 28. Because the Borough Council should not have considered lay witness testimony regarding a different site in a different municipality, I disagree with the Majority that EQT had an obligation to rebut what I believe to be testimony offered without a proper evidentiary foundation. Furthermore, although Council considered the testimony of the Objectors to be "credible and persuasive," Council Decision, 12/23/15, the Decision is silent as to similarity between the Trax Farm and Bickerton well sites.

The Objectors presented no evidence that EQT's oil and gas operations at the Bickerton well site would have any effect on the community other than those normally associated with such activities. Instead, they presented speculative objections of a kind that courts have deemed insufficient to grant relief. *See Kretschmann Farm, LLC v. Twp. of New Swickley*, 131 A.3d 1044 (Pa. Cmwlth. 2016) (gas compressor station); *Sunnyside Up Corp. v. City of Lancaster Zoning Hearing Bd.*, 739 A.2d 644 (Pa. Cmwlth. 1999)

(juvenile detention facility); *Rural Area Concerned Citizens, Inc. v. Fayette Cnty. Zoning Hearing Bd.*, 646 A.2d 717 (Pa. Cmwlth. 1994) (quarry operations).

As previously noted, I disagree with the Majority that anecdotal evidence by lay witnesses regarding operations in a different municipality can serve as a basis for denying a conditional use to a landowner who has satisfied the objective criteria of the zoning ordinance. This is not to say that the Objectors were powerless to raise legitimate concerns to the Borough Council. For example, they could have presented expert testimony regarding the topography of the Bickerton well site that would result in an impact beyond what is normally associated with oil and gas extraction operations. Here, the Objectors merely expressed general concerns that did not meet their burden of establishing that the specific site was inappropriate for the permitted use.

I am concerned that the Majority's decision undermines long-established principles that a municipality may deny a conditional use only if the objectors' evidence establishes a high degree of probability that the use will cause a substantial threat to the community. Accordingly, I respectfully dissent.