Atlantic Richfield Company, Appellant *v.* City of Franklin Zoning Hearing Board et al., Appellees.

Argued October 4, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Victor R. Delle Donne, Baskin and Sears, P.C.,* for appellant.

*Raymond S. Woodard, Dale, Woodard, Montgomery & White,* for appellee, City of Franklin Zoning Hearing Board.

*Henry W. Gent, III, Gent, Daniels, Thompson and Gent,* for appellees, Raymond J. Brown et al.

OPINION BY JUDGE WILLIAMS, JR., September, 9, 1983:

Atlantic Richfield Company has appealed from an order of the Court of Common Pleas of Venango

County affirming the decision of the Zoning Hearing Board of Franklin City (Board). The Board, by a decision dated July 8, 1981, denied the appellant's application for a special exception because the health, safety and general welfare of the public would be adversely affected by the granting of the special exception.

The appellant owns a gasoline service station located at the northwest corner of 11th and Liberty Streets, known as 1050 Liberty Street, in Franklin City, Pennsylvania. This present use of the property is an allowable nonconforming use predating the current zoning ordinance, which designates the area in which the appellant's property is located as an R-2 residential district.

By an application dated April 24, 1981 the appellant requested a special exception pursuant to the pertinent provisions of the Zoning Ordinance of the City of Franklin (Ordinance). In an effort to utilize the property more effectively and more profitably the appellant proposed to convert the existing gasoline station to an AM/PM Mini-market with self-service gasoline pumps.

Section 1329.01(b) of the Ordinance provides that a "non-conforming use may be changed to another non-conforming use of the same, or a more restricted, classification if no structural alterations are made, or may be changed with structural alterations by special exception." The standards by which the Board is guided when considering a request for a special exception are stated in Section 1321.07 of the Ordinance as set forth below:

> The Zoning Board of Adjustment, in deciding on an application for a special exception, shall consider the following as standards in the interpretation and application of this Code: .

a) Adhere to, uphold and enforce the minimum requirements of this Code, to promote the health, safety and general welfare of the inhabitants of the City by impartially and expressly determining if allowance of the special exception applied for would lower the said minimum requirements.

b) Disregard individual interests of applicants and of opponents and consider the general public interests of the entire community.

c) Give due consideration to the economy of the general public, if either strict enforcement of a provision, or the granting of a special exception to the ordinance, would adversely affect the general public economy by indirectly granting or protecting a monopoly or otherwise.

d) Recognize the difference between a special exception and a variance that may be granted by law in the event of the existence of particular facts, conditions and circumstances.

The Board considered the appellant's application at a public hearing held on June 17, 1981. At that hearing the appellant presented a description of the proposal for converting the gasoline station; and, various individuals residing near the appellant's property voiced their concerns about the adverse impact the proposed conversion would have on their neighborhood. Upon concluding that a grant of the special exception would impair the public health, safety and welfare of the community, the Board denied the appellant's application. An appeal was taken to the Court of Common Pleas of Venango County.

An applicant for special exception must meet the burden of establishing that the proposed use complies with the specific requirements of the ordinance which

expressly govern the grant of special exceptions. *Bray v. Zoning Board of Adjustment*, 48 Pa. Commonwealth Ct. 523, 410 A.2d 909 (1980). If that burden is satisfied by the applicant, then any objectors to the proposed use must, to be successful, satisfy their burden of showing that the proposed use is a detriment to public health, safety and welfare. *Id.*

The trial court, without taking additional testimony, affirmed the decision of the Board. The court concluded that the appellant established that the proposed conversion of the existing service station to an AM/PM Mini-market with self-service gasoline complied with the provisions of Section 1329.01(b) of the Ordinance. However, the court further concluded that the objectors to the proposed use met their burden of proving the requisite detriment to public health, safety and welfare. Hence, the trial court dismissed the appellant's appeal. The instant appeal followed.

Since the trial court affirmed the decision of the Board without taking additional evidence, our review of this matter will be limited to determining whether the Board abused its discretion or committed an error of law. *Zajac v. Zoning Hearing Board of Mifflin Township*, 41 Pa. Commonwealth Ct. 7, 398 A.2d 244 (1979).

We have held that the objectors to the granting of a special exception bear the heavy burden of proving, to a high degree of probability, that the proposed use will impact adversely and abnormally on the public interest. *Copeechan Fish and Game Club v. Zoning Hearing Board of North Whitehall Township*, 32 Pa. Commonwealth Ct. 415, 378 A.2d 1303 (1977). Appellant argues that the proof adduced by the objectors at the hearing before the Board fell short of that standard of proof. Therefore, the appellant contends, the Board erred as a matter of law and abused its discretion in denying the special exception request on the

basis of the record made before the Board. We do not agree that the objectors failed to meet their burden, or that the Board relaxed the standard of proof required of the objectors. True, this Court has held that the "high degree of probability" standard requires more than a demonstration of an apprehension of mere possibilities of harm. *Evans v. Zoning Hearing Board of Easttown Township*, 40 Pa. Commonwealth Ct. 103, 396 A.2d 889 (1979). However, we conclude that the instant record sufficiently establishes, to a high degree of probability, that the operation of the AM/PM Mini-market will substantially and detrimentally affect the health and safety of the community surrounding the appellant's property.

Several residents who reside in proximity to the appellant's gasoline station testified as to the adverse effects of the unconverted gasoline station when it was previously open twenty-four hours. Their testimony cited such constant annoyances as loud noise emanating not only from the operation of the gasoline station itself but also from its patrons. The residents also complained of loitering by gangs of teenagers. Because of the constant annoyances, and litter, the residents had prepared a petition, had it signed by fifty or more residents, and consequently had the gasoline station's twenty-four hour service terminated. Accordingly, it is clear that this is not a case where the objectors offered unfounded presuppositions as proof. It was on the basis of their prior experiences with the twenty-four hour operation of the unconverted gas station that they attempted to prove the adverse effects of the proposed conversion of the gasoline service station.

We do not find that the Board abused its discretion or committed an error of law in concluding that such testimony satisfied the "high degree of probability" standard of proof required by law. We conclude that

the Board, on the basis of the residents' testimony, was justified in concluding that the proposed conversion would constitute a detriment to the public health, safety and welfare of the community. An application for a special exception may properly be denied when it is established that the noise created by the proposed activity will substantially and detrimentally affect the health and safety of the community. *Copeechan Fish and Game Club.*

Accordingly, the order of the Court of Common Pleas of Venango County is affirmed.

### ORDER

AND NOW, the 9th day of September, 1983 the order of the Court of Common Pleas of Venango County dated October 16, 1981, at No. 392 of 1981, is hereby affirmed.