Sunnyside Garage, Appellant *v.* The Zoning Hearing Board of North Lebanon Township, Lebanon County, Appellee.

Submitted on briefs April 30, 1984, to Judges WILLIAMS, JR., DOYLE and BLATT, sitting as a panel of three.

*John D. Enck, Rowe, Enck & Keys,* for appellant.

*Frederick S. Wolf, Henry, Beaver, Wolf, Harlan, Parker & Whitmoyer,* for appellees.

OPINION BY JUDGE WILLIAMS, JR., August 1, 1984:

Sunnyside Garage (Sunnyside) appeals an order of the Court of Common Pleas of Lebanon County affirming the denial of its petition for a special exception by the Zoning Hearing Board (Board) of North Lebanon Township, Lebanon County.

Sunnyside is a motorcycle club and is the equitable owner of premises located at 1121 East Cumberland Street, North Lebanon Township (premises) under a purchase agreement. The purchase agreement is conditioned upon Sunnyside being granted a special exception and can be terminated by either party thereto should the special exception not be granted.

Under the North Lebanon Township Zoning Ordinance (Ordinance), the premises are located in an R-2 Residential District. The premises had been used previously as a motor freight terminal which was a pre-existing and non-conforming use in that district.[1] The

---

[1] Sunnyside has not applied for an extension of the previous non-conforming use.

area around the premises is known as Avon and is described as an old rural residential village with a number of old homes, a church, a playground and a few compatible businesses.

Sunnyside proposes to use the premises as a clubhouse to hold its monthly meetings and to provide its twenty-two current members with a place to store, and perform maintenance and repair work on, their motorcycles. Each member of the club will have a personal key and will have twenty-four hour access to the clubhouse. None of the members are residents of the Avon area. The great majority of the members are employed and work various hours so that it is expected that they will use the facility at their convenience at any time of the day or night, although most of their activity is expected to occur in the evenings.

Prior to the scheduling of this matter for oral argument before the court of common pleas, residents of the Avon area successfully petitioned that court to allow their intervention in the case. No further evidence was taken by the court below; consequently, our scope of review is limited to determining whether the Board abused its discretion or committed an error of law. *Atlantic Richfield Company v. City of Franklin Zoning Hearing Board,* 77 Pa. Commonwealth Ct. 102, 465 A.2d 98 (1983).

Section 6.02 of the Ordinance specifies permitted uses in the R-2 Residential District and allows in such districts such special exceptions as are permitted in R-1 Residential Districts.[2] Sunnyside is an incorporated nonprofit club and there is no dispute here that it meets the Ordinance's requirements to allow it to

---

[2] Section 6.02 E of the Ordinance provides:

The following special exceptions, upon issuance of a permit as provided in Section 17.02 of this Ordinance.

1. Special Exceptions as specified in the R-1 Residential Districts.

petition for a special exception. However, Section 17.02 of the Ordinance authorizes the Board "to deny special exceptions when not in harmony with the purpose and intent of this Ordinance." This section provides further:

a special exception shall not be granted by the Zoning Hearing Board unless and until:

. . .

E. Before any special exception shall be issued the Board shall make written findings certifying compliance with the specific rules governing individual special exceptions and that satisfactory provisions and arrangements has [sic] been made concerning the following where applicable:

. . .

8. General compatibility with adjacent properties and other properties in the district.

Section 6.01 sets forth the intended purposes of establishing R-2 Residential Districts:

The regulations for R-2 Residential District are designed to protect and stabilize the characteristics of the older existing built-up portions of the Township and encourage a suitable and safe environment for family life in areas with housing types other than single family detached units.

---

Section 5.02 specifies the permitted uses in R-1 Residential Districts and provides in pertinent part:

F. The following special exceptions, upon issuance of a permit by the Zoning Hearing Board as provided in Section 17.02 of this Ordinance.

. . .

2. Recreation areas and structures operated by membership clubs for the benifit [sic] of their members and not for gain.

The issue presented for our review is whether the Board committed an error of law or abused its discretion by denying the special exception on the conclusion that Sunnyside's proposed use for the premises is not compatible with the district and would not encourage a suitable and safe environment for family life.[3] Sunnyside contends that it has met its burden of establishing that its proposed use complies with the specific requirements of the Ordinance and that the protestants have failed to meet their initial evidence presentation duty and persuasion burden as to general detrimental effects and general policy concern under the Ordinance. See Bray v. Zoning Board of Adjustment, 48 Pa. Commonwealth Ct. 523, 410 A.2d 909 (1980).

Of course, it is true that the protestors to a special exception bear a heavy burden of proving that the proposed use will have an adverse and abnormal impact on the public interest. Atlantic Richfield Company. With this principle in mind, we have thoroughly reviewed the record in this case and have carefully considered the testimony before the Board. The testimony contains the accounts of several residents of the Avon area as to their personal experiences with disruptions of the peace and quiet of the area by a small number of Avon residents who own and operate motorcycles, as well as several other less concrete concerns. It cannot be doubted, however, that such disruptions would increase and intensify if the special

---

[3] In its discussion, the Board paraphrased these requirements and stated that Sunnyside's status as a non-profit club was not a guarantee of its ability to protect or stabilize the area as an older built-up portion of the Township or to encourage a safe environment for family life. The Ordinance does not require a petitioner for a special exception to be able to make such guarantees, nor do we read the Board's decision as placing such a requirement on Sunnyside. We believe that the Board merely stated the weight it gave to Sunnyside's status as a non-profit club in its consideration of the evidence.

exception were granted because the record also established that there will be at least twenty-two motorcycle operators frequenting the premises and travelling into and out of the premises at any hour of the day or night. Consequently, we cannot characterize such testimony as unfounded presuppositions and must hold that it provides an adequate basis for the Board's conclusion that Sunnyside's proposed use would have a high degree of probability of an adverse and abnormal impact on the public interest.[4] *Atlantic Richfield Company.* We therefore, find that the Board did not commit legal error or abuse its discretion in denying the special exception.

Accordingly, we will affirm the order of the Court of Common Pleas of Lebanon County.

### ORDER

AND Now, this 1st day of August, 1984, the order of the Court of Common Pleas of Lebanon County, dated July 28, 1983, at No. 153 of 1983, is hereby affirmed.

---

[4] Although it appears that the Board and the Court below reached their decision under erroneous reasoning, we must, nevertheless, affirm because the results below were correct and the record clearly shows the correct basis of that decision. *See Haney v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 461, 442 A.2d 1223 (1982).