394

William J. Mulligan, Appellant *v.* Zoning Board of Adjustment of East Norriton Township, Appellee.

Argued April 8, 1985, before Judges MacPhail, Doyle and Palladino, sitting as a panel of three.

*William J. Moran, III,* for appellant.

*Thomas M. Delricci,* with him, *Jeremiah J. Cardamone* and *David R. Weyl, Timoney, Knox, Hasson & Weand,* for appellee.

OPINION BY JUDGE DOYLE, July 15, 1985:

William J. Mulligan (Appellant) appeals from the order of the Montgomery County Court of Common Pleas which affirmed the decision of the East Norriton Township Zoning Hearing Board (Board) denying Appellant's request for a special exception.

Appellant is the owner and occupant of a two-story house and garage located in a commercial district on Swede Street, East Norriton Township. On October 31, 1980, Appellant applied to the Board to use his property as an automobile sales and repair shop under Section 1201(10) of the East Norriton Township Zoning Ordinance (Ordinance), which permits such uses in commercial districts only when authorized as a special exception.[1] Appellant's application included

---

[1] Prior to this application, Appellant had submitted two previous applications involving the identical proposed use. On July 7, 1977, Appellant first applied for a special exception, which was rejected by the Board on October 11, 1977. On April 12, 1978, Appellant filed an application to declare his use a non-conforming use. On June 13, 1978, this application was denied by the Board, whose decision was later upheld by the court of common pleas. To support his present application, Appellant has alleged that there has been a change of circumstances since his original application for special exception.

a proposed forty foot extension to the existing garage, which resulted in a side yard setback of two feet, instead of the sixty feet required under Section 1202(D) of the Ordinance.[2]

After a hearing, the Board denied the special exception, concluding that Appellant's proposed use was contrary to the health, safety and welfare of the community. The Board noted that although a variance had not been requested, one was required to accommodate Appellant's proposed garage extension. The Board concluded that Appellant had not shown the requisite hardship necessary for the granting of a variance, nor had he shown that the proposed extension would be the minimum variance necessary. The court of common pleas affirmed the decision of the Board without taking additional evidence, and this appeal followed.[3]

Appellant first argues that there was insufficient evidence that the proposed use would be contrary to the health, safety, and welfare of the community. Usually, once an applicant establishes that he meets the specific requirements for a special exception under a zoning ordinance, the burden is upon protestors to prove that the proposed use will have an adverse effect on the general public. *Sunnyside Garage Appeal*, 84 Pa. Commonwealth Ct. 286, 479 A.2d 47 (1984). An ordinance may, however, shift this burden

---

[2] Section 1202(D) requires a minimum side yard of twenty feet in all commercial districts, except where the commercial district abuts a residential or institutional district, in which case the minimum side yard is increased to sixty feet. Appellant's side yard abuts a residential district.

[3] Where, as here, the court of common pleas received no additional evidence, our scope of review is to determine whether the Board abused its discretion, committed an error of law, or made findings of fact which were not supported by substantial evidence. *Bell Appeal*, 84 Pa. Commonwealth Ct. 347, 479 A.2d 71 (1984).

by specific language to that effect. *Derr Flooring Co., Inc. v. Whitemarsh Township Zoning Board of Adjustment,* 4 Pa. Commonwealth Ct. 341, 285 A.2d 538 (1971). In this case Section 2007 of the Ordinance places upon the applicant the burden to prove *both* that the use is one which is permitted by special exception *and* that the proposed use will not adversely affect the general public.

We have held that where an ordinance attempts to place the burden upon the applicant to prove compliance with both specific and general requirements of the ordinance, the protestors nonetheless retain the burden of going forward with evidence as to the noncompliance with general conditions. *Bray v. Zoning Board of Adjustment,* 48 Pa. Commonwealth Ct. 523, 529, 410 A.2d 909, 912 (1980); *Derr* at 347-48, 285 A. 2d at 542. Thus, once an applicant has met the burden of proving compliance with all of the specific conditions and requirements of the ordinance, he has met his initial burden of proof. It is only when the protestors thereafter raise specific issues concerning the health, safety and general welfare that the burden continues to be with the applicant to meet these objections. *Bray* at 531, 410 A.2d at 913.

In the present case the record does give some indication that East Norriton Township, the sole protestor, failed to meet its burden of going forward with evidence concerning the proposed use's adverse effect on the general public. We conclude, however, that such evidence was unnecessary since it is clear that the Appellant did not meet his initial burden of proving compliance with the *specific* conditions of the Ordinance.

Appellant's initial burden of proof required proof not only that the proposed use was of the type permitted by the special exception, but also that the pro-

posed use complied with the other Ordinance requirements applicable to all commercial uses, e.g., set-backs, lot size, and parking requirements. *Bray* at 526-27, 410 A.2d at 911. *See Overbrook Farms Club v. Philadelphia Zoning Board of Adjustment*, 45 Pa. Commonwealth Ct. 96, 100-01, 405 A.2d 580, 582-83 (1979). Appellant's proposed use included a two-foot side yard which was in violation of the side yard requirements applicable to all uses in a commercial district. Without a variance from this requirement, Appellant could not comply with the specific requirements of the special exception, and thus failed to meet his burden in this regard.

Although Appellant did not request a variance before the Board, he now contends that the Board erred in denying him a variance inasmuch as he has been precluded from any reasonable use of his property. In order to establish the right to a zoning variance, a landowner must show that the effect of the zoning ordinance is to burden his property with an unnecessary hardship unique to the property, that the grant of the variance will have no adverse impact on the public health, safety, and welfare, and, where relevant, that the hardship is not self-inflicted and that the variance sought is the minimum variance that will afford relief. Section 912 of the Pennsylvania Municipalities Planning Code,[4] 53 P.S. 10912; *Serban Appeal*, 84 Pa. Commonwealth Ct. 558, 480 A.2d 362 (1984). With regard to the side yard setback requirement, Appellant notes that his property is only fifty feet wide, and thus he cannot possibly comply with the sixty-foot side yard requirement of the Ordinance. Although this is an uncontestable fact, we must agree with the Board that Appellant submitted no evidence

---

[4] Act of July 31, 1968, P.L. 805, *as amended*.

to establish that the proposed two-foot side yard constituted the *minimum* variance which would afford relief. Thus, although the granting of some form of dimensional variance may well be necessary for the reasonable use of this property, the Board did not err in denying this particular proposal.[5]

For these reasons we affirm the decision of the Montgomery County Court of Common Pleas which upheld the Board's denial of the special exception.

### ORDER

Now, July 15, 1985, the order of the Court of Common Pleas of Montgomery County, No. 81-06301, dated August 10, 1982, is hereby affirmed.

---

[5] In addition to affirming the Board on the issue of whether the variance requested was the minimum necessary to afford relief, the court of common pleas also noted that Appellant had not presented evidence to establish compliance with the parking requirements of Section 1202(G) of the Ordinance. Although this issue was addressed by the Board in its denial of Appellant's original application for a special exception on October 11, 1977, it was not considered by the Board in denying the present application. Thus, we shall not consider it on appeal. *See Springfield Township Appeal*, 81 Pa. Commonwealth Ct. 513, 474 A.2d 706 (1984) ; *Upper Moreland Township Appeal*, 76 Pa. Commonwealth Ct. 1, 462 A.2d 962 (1983).