513 A.2d 591

Adelio Pampena and Rosalia Pampena, his wife v. The Zoning Board of Adjustment, City of Pittsburgh. City of Pittsburgh, Appellant.

Argued October 8, 1985, before Judges ROGERS and MACPHAIL, and Senior Judge BLATT, sitting as a panel of three.

*Gretchen G. Donaldson*, Associate City Solicitor, with her, *D. R. Pellegrini*, City Solicitor, for appellant.

*Richard S. Ombres, DeMarco, Yourick & Ombres*, for appellees.

OPINION BY JUDGE BLATT, August 12, 1986:

The City of Pittsburgh (City) appeals the order of the Court of Common Pleas of Allegheny County which reversed the decision of the City's Zoning Board of Adjustment (Board). The Board had denied the request of Adelio and Rosalia Pampena (the Pampenas) for a variance and for an occupancy permit for their five-unit dwelling at 226 Stratford Avenue in Pittsburgh, an area zoned as a Multiple-Family Residence District.

On May 5, 1983, the Board, under Zone Case No. 204 of 1983, denied the Pampenas' variance request and their appeal from the City Zoning Administrator's (Administrator) denial of their request for an occupancy permit, ruling that the Pampenas had failed to demonstrate their need for a parking variance[1] and had also failed to justify the lot area shortage existing at 226 Stratford Avenue.[2] Accordingly, the Board affirmed the Administrator's order that the Pampenas must reduce the number of dwelling units in the building to three

---

[1] Section 989.01 of the City's Zoning Ordinance requires one parking space for each dwelling unit.

[2] The lot's area is 4,247 square feet instead of 6,000 square feet as required by Section 985.13 of the Ordinance and the property's side yards are four feet, eleven inches and six feet, 1/4 inches instead of fifteen feet on either side of the building as required under Section 937.04 of the Ordinance.

and provide three parking stalls in the rear of the property within 30 days of the date of the Board's order. The Pampenas did not appeal this order.

Several months later, however, the Pampenas, without having complied with the May 5, 1983 order, initiated a new request to the Administrator for an occupancy permit at 226 Stratford Avenue, allowing for a five-unit dwelling with three parking stalls in the rear yard. They also proposed renting two additional parking stalls at another property, 325 Stratford Avenue, located approximately one block away. When the Administrator rejected this proposal, the Pampenas appealed again to the Board, which, at Zone Case No. 398 of 1983, affirmed the Administrator's decision and requested the Pampenas to secure the additional parking at a location in closer proximity to 226 Stratford Avenue. The Pampenas then secured two leases to provide for additional parking, each for a one-car garage: one at 336 Stratford Avenue and the other at 140 South Fairmount Avenue. The Board majority, however, expressly rejected these alternative parking sites as "too distant" and reaffirmed its prior order.[3]

On another appeal to the common pleas court, on the record made before the Board[4] in this second case, the court reversed the Board's order and further or-

---

[3] The Board minority would have granted a variance for five units with four rear parking spaces. This five and four proposal is referenced in the Board's adjudication as being embodied in a revised plot plan, but the record here is silent as to how such a revised plot plan came before the Board. The Board majority also rejected this plan as not providing a workable parking arrangement.

[4] As recognized by the common pleas court, inasmuch as that court received no evidence, its review was limited, as is our own, to determining whether or not the Board manifestly abused its discretion or committed an error of law. *Lebovitz v. Zoning Board of Adjustment of Pittsburgh*, 87 Pa. Commonwealth Ct. 200, 486 A.2d 1061 (1985).

dered that a five-unit occupancy permit be issued. It reasoned that the record failed to disclose substantial evidence to support the Board's findings as to parking and that, therefore, the Board had abused its discretion.

The City contends here that the Pampenas failed to demonstrate that they had satisfied the requirements for the requested variances and that the common pleas court's order should be reversed.[5] We agree.

In the unappealed decision in No. 204 of 1983, the Board considered the Pampenas' requests for variances for parking and lot area and denied both requests. In the proceedings from which this appeal arises, however, (No. 398 of 1983) the Pampenas raised only the parking issue. Their failure to appeal at No. 204 allowed the Board's decision as to lot size, therefore, to become final and, even if they could subsequently satisfy the parking requirements for a five-unit dwelling, they could not satisfy the lot size requirements. Furthermore, the Board did grant a three-unit occupancy permit for 226 Stratford Avenue, which undeniably demonstrates that the property has some value without the variances, and the requirements for granting variances to permit a five-unit dwelling cannot now be satisfied. *Botula.*[6]

Accordingly, we will reverse the order of the common pleas court and will reinstate the order of the Board.

---

[5] *See Botula v. Zoning Board of Adjustment, City of Pittsburgh,* 69 Pa. Commonwealth Ct. 164, 450 A.2d 316 (1982).

[6] This, of course, is not the rationale employed here by the Board but we may, nonetheless, affirm inasmuch as the Board reached the correct result and the correct basis for decision is clear on the record. *Sunnyside Garage Appeal,* 84 Pa. Commonwealth Ct. 286, 479 A.2d 47 (1984).

ORDER

AND NOW, this 12th day of August, 1986, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is reversed and the order of the Zoning Board of Adjustment of the City of Pittsburgh, Zone Case No. 398 of 1983, is reinstated.