537 A.2d 976

In Re: Appeal of Lawrence H. Baird and Rosemarie C. Baird from the Decision of the New Britain Township Zoning Hearing Board. New Britain Township, Appellant.

Argued December 17, 1987, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Albert Blackman;* with him, *George M. Bush, Hartzel & Bush,* for appellant.

*John A. VanLuvanee,* with him, *Marcus S. Saitschenko, Eastburn and Gray,* for appellee.

OPINION BY SENIOR JUDGE KALISH, February 23, 1988:
New Britain Township (Township) appeals an order of the Court of Common Pleas of Bucks County which

sustained appellees', Lawrence H. Baird and Rosemarie C. Baird, appeal from a decision of the New Britain Township Zoning Hearing Board (Board) and granted appellees' application for a special exception. We reverse the trial court.

Appellees own 11.86 acres of land located in the Township's SR-2 residential zoning district, on which there is a farmhouse used as a residence, and a barn. Appellees applied for a special exception to use the property to establish a commercial dog kennel, which is a use permitted in this district by special exception. The Board denied appellees' application. The trial court, taking no additional testimony, reversed the Board and granted the special exception. Our scope of review is to determine whether the findings of the Board are based on substantial evidence, whether the Board committed an error of law, or abused its discretion. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

Section 1005(c) of the zoning ordinance sets forth general requirements and standards that must be met before the Board may grant a special exception:

The Board shall among other things require that any proposed use and location be:

(1) In accordance with the New Britain Township Comprehensive Plan and consistent with the spirit, purposes, and the intent of this Ordinance;

(2) In the best interests of the Township, the convenience of the community, the public welfare, and be a substantial improvement to the property in the immediate vicinity;

(3) Suitable for the property in question, and designed, constructed, operated, and maintained so as to be in harmony with and appropriate in appearance to the existing or intended character of the general vicinity;

(4)   In conformance with all applicable requirements of this Ordinance;

(5)   Suitable in terms of effects on highway traffic and safety with adequate access arrangements to protect streets from undue congestion and hazard; and

(6)   In accordance with sound standards of subdivision practice where applicable.

The applicant has the burden of proving that he has met these criteria. *Lukens v. Ridley Township Zoning Board of Adjustment*, 367 Pa. 608, 80 A.2d 765 (1951). He must prove not only that the proposed use was of a type permitted by the special exception but also that the proposed use complied with the other applicable ordinance requirements, such as setback, lot size, and parking requirements. *Mulligan v. Zoning Board of Adjustment of East Norriton Twp.*, 90 Pa. Commonwealth Ct. 394, 495 A.2d 647 (1985).

There were no plans or specifications submitted to show compliance with dimensional requirements applicable to buildings within the SR-2 district. Appellees did testify that they would comply with all the necessary requirements. The trial court stated that with the lot size being in excess of eleven acres, it is self-evident that the parcel is sufficiently large enough to hold whatever building configuration and parking that is necessary. The court further stated that it would have been easier for the Board to have approved the application under the condition that the proposed use be established in full compliance with the ordinance. We disagree.

In *Hopkins v. Chalfont Borough Zoning Hearing Board*, 29 Bucks 98 (C.P. Pa. 1976), *aff'd*, 36 Pa. Commonwealth Ct. 526, 388 A.2d 764 (1978), where the appellant argued that the Board should have granted a special exception subject to conditions, the trial court stated:

In effect, the appellant asserts that the Board cannot simply reject an application for special exception as being too broad but rather that it must rewrite the application *via* the imposition of conditions in order to conform it to the requirements of the ordinance. We can find no authority imposing such a duty upon a zoning hearing board. Moreover, the proper function of a condition imposed upon a special exception is to reduce the adverse impact of a use *allowed* under special exception . . . *not* to enable the applicant to meet his burden of showing that the use which he seeks is one allowed by special exception.

29 Bucks at 101 (emphasis in original).

Since this particular use is permitted in the SR-2 residential area, it is presumed that in considering such use for the area, such general matters as health, safety and general welfare and the general intent of the zoning ordinance have been considered. Thus, as an evidentiary matter, this presumption shifts the burden to the protestors to prove that the proposed use will have an adverse effect on the general public. The protestors have the burden of going forward with evidence of noncompliance with general conditions. *Mulligan; Bray v. Zoning Board of Adjustment,* 48 Pa. Commonwealth Ct. 523, 410 A.2d 909 (1980); *Cherbel Realty Corp. v. Zoning Hearing Board,* 4 Pa. Commonwealth Ct. 137, 285 A.2d 905 (1972).

At the hearing before the Board, appellees indicated that they would comply with all the requirements of the State of Pennsylvania concerning the operation of dog kennels commercially. They presented no definite testimony as to the design construction except that it would be in accordance with the requirements of the Department of Agriculture. However, the Board requirement,

as set forth in the ordinance, is that the design be appropriate in appearance to the existing character of the neighborhood.

There was testimony from the opponents concerning the public welfare, health and safety of the community. They objected to the operation of the kennel in its capacity as a training center for attack dogs because that there was a bus stop for children nearby and residences in the vicinity.

The Board found that appellees did not meet the requirements for a special exception and that the use of the premises to train attack dogs was inappropriate under the circumstances. We find that the Board's findings are supported by substantial evidence and no error of law was committed.

Accordingly, we reverse the order of the trial court.

## ORDER

Now, February 23, 1988, the order of the Court of Common Pleas of Bucks County, No. 85-8245-03-5, dated November 6, 1986, is reversed.