596 A.2d 294

**Gerald SCHATZ**

v.

**NEW BRITAIN TOWNSHIP ZONING HEARING
BOARD OF ADJUSTMENT.**

**Appeal of NEW BRITAIN TOWNSHIP, Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 14, 1991.

Decided Aug. 1, 1991.

Richard D. Magee, Jr., for appellant.

William E. Benner, for appellee.

Before CRAIG, President Judge, COLINS, J., and NARICK, Senior Judge.

COLINS, Judge.

New Britain Township (Township) appeals the October 19, 1990 Order and Opinion of the Court of Common Pleas of Bucks County (Common Pleas) reversing the decision of the Zoning Board of New Britain Township (Board) and granting a special exception to Gerald Schatz (Schatz).

Schatz is the owner of a 17.79 acre tract of land located in the Township and zoned IN–Institutional. On January 29, 1988, Schatz applied to the Board for a special exception to permit his property to be used for an inpatient drug and alcohol treatment facility for adolescents. He based the application for special exception (application) on Section 404(18) of the New Britain Township Zoning Ordinance (Ordinance), which permits land which is zoned IN–Institutional to be used as a licensed nursing or convalescent home. Later, on May 25, 1988, Schatz amended his application to request, in the alternative, a special exception pursuant to Section 404(17) of the Ordinance, which provides for use as a hospital.

Schatz proposed to lease the property to Basalt Trap Rock Company, Inc., which would renovate the four existing structures on the property and then sublease the property to Recovery Centers of America (RCA). RCA, which is in the business of providing treatment services to the chemically dependent, would operate the proposed facility. RCA's proposed six to eight week treatment program emphasizes group and individual therapy for the inpatient adolescent who has no severe psychological problems and is not violent. The program will not involve medical detoxification. The facility will be limited to fifty patients, and admission will be voluntary.

The Board held public hearings on Schatz's application over the course of eleven dates in 1988 and 1989. On June 22, 1989, the Board issued its Opinion and Order denying the application. The Board determined that the proposed use fit the description of a licensed nursing or convalescent home pursuant to Section 404(18) of the Ordinance but that Schatz did not meet his burden of proof regarding the special and the general requirements for a special exception.

Schatz appealed the Board's decision to Common Pleas which took no additional evidence, heard argument, and issued its Opinion and Order on October 19, 1990. With regard to whether Schatz met the special requirements for

the special exception, Common Pleas first determined that the Board chose to reject the uncontradicted assurances of Schatz's witnesses that the facility would admit no more than fifty patients at any one time. Rejecting the Township's argument that it could not monitor the number of patients, because medical records are confidential, Common Pleas stated that all medical records are confidential, including those of licensed nursing and convalescent homes. That fact, according to Common Pleas, "cannot be a basis upon which to deny a special exception. Were it to be, no special exception could ever be granted for any such facility." (Common Pleas Opinion, p. 5). With further regard to the special requirements, Common Pleas stated that the Board's requirement that Schatz demonstrate that the facility could be licensed has no basis in law, because the Ordinance contains no such requirement.

Relying on *Bray v. Zoning Board of Adjustment*, 48 Pa.Commonwealth Ct. 523, 410 A.2d 909 (1980), Common Pleas stated that the burden of showing that the proposed use is detrimental to public health, safety, and welfare, or does not meet the general requirements for a special exception, is on the objectors to that proposed use. Common Pleas determined that the Board had incorrectly shifted that burden to Schatz. Noting that the objectors did present evidence regarding the facility's detrimental effect on the community, it determined that, based on the record, the objectors did not meet their burden. Common Pleas stated, "Although it is natural to expect the residents of the community to oppose such a use, the testimony of the neighbors of the property amounted to nothing more than fears concerning the possible negative impact upon the neighborhood."

Common Pleas noted that the Board made many findings of fact concerning storm water management, sewer requirements, and requirements pursuant to the building code. According to Common Pleas, such concerns are irrelevant when determining whether to grant a special exception. Similarly, the court noted that the Board's reliance on an

unimplemented change in the Township's comprehensive plan cannot sustain the Board's conclusion.

The Township timely filed an appeal to this Court, on November 13, 1990, and characterizes the sole issue as follows: "Did the landowner's application for a special exception to permit the establishment of a facility for the treatment of drug or alcohol dependent persons fail to meet the general requirements for special exceptions as set forth under Section 1005(c) of the Zoning Ordinance?"[1]

We are guided in our review of this matter by a number of firmly established legal principles. Since no additional evidence was presented subsequent to the Board's determination, the scope of our review is limited to determining whether the Board committed a manifest abuse of discretion or an error of law.... We may conclude that the Board abused its discretion only if its findings are not

---

1. Section 1005(c) of the ordinance is as follows:

General Requirements and Standards Applicable to All Special Exceptions. The Board shall grant a special exception only if it finds adequate evidence that any proposed development submitted will meet all of the following general requirements as well as any specific requirements and standards listed herein for the proposed use. The Board shall among other things require that any proposed use and location be:

(1) In accordance with the New Britain Township Comprehensive Plan and consistent with the spirit, purposes, and the intent of this Ordinance;

(2) In the best interests of the Township, the convenience of the community, the public welfare, and be a substantial improvement to the property in the immediate vicinity;

(3) Suitable for the property in question, and designed, constructed, operated, and maintained so as to be in harmony with and appropriate in appearance to the existing or intended character of the general vicinity;

(4) In conformance with all applicable requirements of this Ordinance;

(5) Suitable in terms of effects on highway traffic and safety with adequate access arrangements to protect streets from undue congestion and hazard; and

(6) In accordance with sound standards of subdivision practice or applicable.

The Zoning Hearing Board may impose whatever conditions regarding layout, circulation, and performance it deems necessary to insure that any proposed development will secure substantially the objectives of this Ordinance.

supported by substantial evidence.... By 'substantial evidence' we mean such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Valley View Civic Ass'n v. Zoning Board of Adjustment,* 501 Pa. 550, 554–55, 462 A.2d 637, 639–40 (1983) (citations omitted).

■ Relying on *Appeal of Baird,* 113 Pa.Commonwealth Ct. 637, 537 A.2d 976 (1988) *petition for allowance of appeal denied,* 521 Pa. 613, 557 A.2d 344 (1989), the Township argues that Schatz had the burden of meeting the general requirements for a special exception as set forth in Section 1005(c) of the Ordinance. According to the Township, this Court, in *Baird,* noted that "even though it was incumbent upon the applicant to meet these general standards, it was the duty of the objectors to prove that the proposed use would have an adverse effect on the general public and that it was the objector who had the burden of going forward with evidence of noncompliance with general conditions." (Township's Brief, p. 11.) The Township argues that, in *Baird,* the applicants' promises of future compliance with the Commonwealth's requirements for the operation, design, and construction of a commercial dog kennel were not enough to satisfy the requirements for the special exception. Similarly, according to the Township, Schatz's promises that the drug and alcohol treatment facility will comply with the general requirements of Section 1005(c) of the Ordinance do not meet his burden of proof.

The Township misapprehends the holding of *Baird. Baird* affirmed the holding of *Bray,* which stated that the applicant for a special exception has the burden to prove that the proposed use meets the specific requirements for a special exception and that the objectors to the proposed use have the burden of proving that it does not meet the general requirements for a special exception.

In *Baird,* this Court determined that the applicant did not meet the specific requirements for a special exception, because "[t]here were no plans or specifications submitted to show compliance with dimensional requirements applica-

ble to buildings within the SR–2 district." *Id.*, 113 Pa.Commonwealth Ct. at 640, 537 A.2d at 977. In the present matter, Schatz submitted plans of the property showing that the proposed use complied with the special requirements regarding lot size and adequate parking.

With regard to the general requirements for special exception, the *Baird* opinion states that when a particular use is submitted in a particular zoning district,

> it is presumed that in considering such use for the area, such general matters as health, safety and general welfare and the general intent of the zoning ordinance have been considered. Thus, as an evidentiary matter, this presumption shifts the burden to the protesters to prove that the proposed use will have an adverse effect on the general public. The protesters have the burden of going forward with evidence of noncompliance with general conditions.

*Baird*, 113 Pa.Commonwealth Ct. at 641, 537 A.2d at 978. Although the Township argues that it "presented ample expert and credible evidence on the general conditions and such general matters as the health, safety and general welfare of the Township and thus has met its evidentiary duties under *Baird* [,]" our review of the record reveals that the Township has not met its burden.

■ The Township argues that it presented testimony that the proposed use does not comply with the Township's comprehensive plan, because that plan, in May, 1987, designated the property as residential and not institutional. We agree with Common Pleas, however, that a recommendation set forth in the comprehensive plans but not legislated into the Ordinance cannot defeat the granting of a special exception. "It is axiomatic ... that comprehensive plans do not have the effect of zoning ordinances but only recommend land uses which may or may not eventually be provided by a legally enforceable zoning ordinance." *FPA Corporation Appeal*, 25 Pa.Commonwealth Ct. 221, 225, 360 A.2d 851, 854 (1976).

■ The Township also argues that the proposed use is not consistent with the spirit, purpose, and intent of the Ordinance, because the definition of institutional district implies that the district is to include only public or semi-public associations. That definition, located at Section 304(5) of the Ordinance, states that the "district is intended to meet the needs of large institutions whose functions require a variety of uses as part of the overall design of an institutional campus or area, and which cannot be met under the normal zoning of residential, commercial, or other districts." We find this argument to be without merit, because the Township has not disputed the Board's determination that the proposed facility qualifies as a licensed nursing or convalescent home pursuant to Section 405(18) of the Ordinance, and the Ordinance clearly sets forth that a licensed nursing or convalescent home is an institutional use.

■ Finally, according to the Township, Schatz's application does not address the best interests of the Township, the convenience of the community, or the public welfare, because it does not have adequate sewage capacity, and it does not address the storm water management, water supply requirements, and may not meet the building code. We again agree with Common Pleas that an application for special exception is not required to address such issues. Such issues are to be addressed further along in the permitting and approval process. Zoning only regulates the *use* of land and not the particulars of development and construction. "Zoning is the legislative division of a community into *areas* in each of which only certain designated *uses* of land are permitted so that the community may develop in an orderly manner...." *Best v. Zoning Board of Adjustment*, 393 Pa. 106, 110, 141 A.2d 606, 609 (1958) (emphasis added).

■ Our review of the record reveals that the Board erred as a matter of law by imposing special requirements not set forth in the Ordinance and by shifting the burden of proof with regard to the general requirements to Schatz.

Our review of the record reveals further, that the Township did not meet its burden of proving that the proposed use will have an adverse effect on the general public. The evidence presented by the Township amounted to the fears of the neighboring residents, and such speculation of harm, without more, cannot sustain the objectors' heavy burden. "Mere speculation is not sufficient. The objectors must prove that there is a high degree of probability that a result not normally generated by this type of use will obtain." *Martin Appeal,* 108 Pa.Commonwealth Ct. 107, 112–13, 529 A.2d 582, 584 (1987).

Accordingly, the order of the Court of Common Pleas of Bucks County is affirmed.

## ORDER

AND NOW, this 1st day of August, 1991, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed.