## Carl v. Emmaus Borough Zoning Hearing Board

C.P. of Lehigh County, No. 2014-C-1719

*Catherine E. N. Durso*, for appellants.
*Ronald E. Corkery*, for appellee.
*Alfred Stirba, IV*, for intervenor, Emmaus Borough.
*John O. Stover Jr.*, for intervenor, Michael Wilson.

REICHLEY, *J.*, Oct. 6, 2014—Neil and Joanne Carl, appellants, are appealing from a decision of the Emmaus Borough Zoning Hearing Board concerning Michael Wilson's application for special exception and two variances to build an auto repair garage. Because no abuse of discretion can be found in granting conditional approval to an applicant who reasonably shows the ability to fulfill zoning ordinance requirements, said appeal is hereby denied.

Factual and Procedural History

Michael Wilson owns the premises located at 23 South First Street[1] Emmaus, Lehigh County, Pennsylvania (the property) located in the Borough of Emmaus Highway Commercial (B-H) Zoning District. The property, currently a warehouse, is located in a flood plain. Wilson proposed to develop the property into an auto repair garage. Wilson applied for a special exception because under the Emmaus Zoning Ordinance, an auto repair garage is permitted in a B-H Zoning District only as a special exception.

In addition to a special exception, Wilson's proposal required two variances from the zoning ordinance

---

1. At the time of initial application, Wilson was the equitable owner of the property, but since then Wilson has purchased the property pursuant to a deed dated April 30, 2014 and recorded May 9, 2014 at the Lehigh County Recorder of Deeds Office, Document I.D. 2014011444.

requirements: first, a five parking space variance from the requirements of Emmaus Zoning Ordinance §601(2); and, second, a five-foot aisle width variance from the mandates of Emmaus Zoning Ordinance §603.3(B). By way of joining in the application for the special exception, the Borough of Emmaus declared its intention to vacate a portion of South First Street and convey the one-half of the vacated street to Wilson. Wilson's application is premised on this surrender.

A public hearing was held by the Emmaus Borough Zoning Hearing Board (the Board) on March 27, 2014, where Appellant, Neil Carl, appeared as an interested party. Appellants own the property located at 7 South First Street, adjacent to Wilson's property, which is used for commercial/industrial purposes.

On April 24, 2014 the board issued a written decision granting the requested special exception and variances. Pursuant to Zoning Ordinance §119, Special Exception Use Process, and §118(D)(3), approval of conditional uses, the board found Michael Wilson had sustained his burden of demonstrating compliance with the special exception provisions. Additionally, the board noted in an application for a zoning variance, the applicant bears the burden to demonstrate the zoning ordinance imposes an unnecessary hardship, which is unique or peculiar to the applicant's property; the hardship is of a serious, substantial, and compelling nature; and the granting of the variance will not be contrary nor detrimental to the public interest. The board found that Wilson sustained his burden.

On May 23, 2014, Neil and Joanne Carl filed the instant appeal. Appellants assert the board's decision was contrary to law. Specifically, appellants argue the board

erred by granting the variance due to an averred hardship when the board ignored the zoning ordinance requirement to find there is not any possibility the property can be developed in strict conformity with the provisions of the zoning ordinance. Appellants also argue the conditional conveyance by the Borough of Emmaus violates their rights and is inconsistent with law.

## Standard of Review

Where the trial court does not take additional evidence, its scope of review is to determine if the zoning board committed an error of law or an abuse of discretion. *Valley View Civic Association v. Zoning Bd. of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983). A zoning hearing board abuses its discretion when its essential findings of fact are not supported by substantial evidence. *Id.* "Substantial evidence" sufficient to support a decision of the zoning hearing board is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Lantos v. Zoning Hearing Bd.*, 153 Pa. Cmwlth. 591, 621 A.2d 1208 (1993). The court will not substitute its judgment for that of the zoning board unless the board manifestly abused its discretion. *Nascone v. Ross Township Zoning Hearing Bd.*, 81 Pa. Cmwlth. 482, 473 A.2d 1141 (1984); *Ramondo v. Zoning Hearing Bd.*, 61 Pa. Cmwlth. 242, 434 A.2d 204 (1981).

## Discussion and Conclusions of Law

Appellants argue the conditional approval requiring vacation of a portion of South First Street and the conveyance by the Borough of a portion of the vacated property is inconsistent with appellate case law. Appellants assert an applicant for special exception must demonstrate their proposed use meets the applicable requirements of

the zoning ordinance when the application is submitted because a promise to comply or conditions compelling future compliance cannot cure an otherwise non-compliant application. *See Edgmont Township v. Springton Lake Montesorri, Inc.* 622 A.2d 418, 420 (Pa. Cmwlth. 1993) (reversing the grant of a special exception because "a promise to come into compliance is not evidence to support the board's grant of the special exception"); *see also Lafayette College v. Zoning Hearing Board of City of Easton*, 588 A.2d 1323 (Pa. Cmwlth. 1991).

A special exception is a permitted use, which a municipal legislative body has determined to be appropriate in a zoning district if specific requirements of the zoning ordinance are met. *See* 53 P.S. §10603; *see also Bernotas v. Zoning Hearing Bd. of City of Bethlehem*, 68 A.3d 1042, 1053 (Pa. Cmwlth. 2013). Section 119 of the Emmaus Zoning Ordinance sets forth the process and procedures for seeking a special exception use. The ordinance specifically provides:

> Approval of Special Exception Uses. The zoning hearing board shall approve any proposed special exception use if they find adequate evidence that any proposed use will meet:
>
> A. All of the standards listed in §118(3)(D).[2]
>
> B. Specific standards for the proposed use listed in §402[3] and §403.[4]

---

2. Referenced in the ordinance, §118(3)(D) requires compliance with all other standards related to: other laws; traffic; safety; storm water management; neighborhood; site planning; and performance standards. Borough of Emmaus, Pa., Zoning Ordinance ch. 27, §118(3)(D) (2003).

3. §402 details additional requirements for specific principal uses. Borough of Emmaus, Pa., Zoning Ordinance ch. 27, §402 (2003).

4. §403 details additional requirements for accessory uses. Borough

C. All other applicable requirements of this Chapter.

Borough of Emmaus, Pa., Zoning Ordinance ch. 27, §119(3) (2003).

In *Broussard v. Zoning Board of Adjustment of the City of Pittsburgh*, the Supreme Court of Pennsylvania specifically addressed the issue of whether and under what circumstances an application for a special exception may be contingently granted conditioned upon the applicant's subsequent compliance with express requirements for the special exception under the zoning ordinance. *Broussard v. Zoning Board of Adjustment of the City of Pittsburgh*, 907 A.2d 494, 495 (Pa. 2006). The *Broussard* Court found the *Edgmont Township* and *Lafayette College* opinions instructive in that the applicant property owners:

> [F]ailed to include in its submissions before the zoning board any indication of an intention to fulfill the conditions associated with the special exception at issue. It was on this basis that the Commonwealth Court deemed the property owner's submissions insufficient, and not upon the lack of literal completion of all conditions reflected in the plan itself. *Id.* at 501.

The Commonwealth Court later noted, "[I]n *Broussard*, the court distinguished between an applicant who merely promises to bring a non-compliant zoning plan into compliance and an applicant who reasonably shows the ability to fulfill requirements." *In Re: McGlynn*, 974 A.2d 525, 536 (Pa. Cmwlth. 2009). This distinction is key because no abuse of discretion can be found in granting conditional approval to an applicant who demonstrates a capacity to complete the special exception requirements.

---

of Emmaus, Pa., Zoning Ordinance ch. 27, §403 (2003).

*Broussard*, 907 A.2d at 502. The court concluded,

> Where the plan, as submitted, addresses all of the ordinance's prerequisites for the special exception sought, and reasonably shows that the property owner is able to fulfill them in accordance with the procedures set forth by the zoning code (as reasonably interpreted by the board), a reviewing court should not reverse the grant of such an exception on the sole basis that some of the items described in the plan may be completed at a later date. *Id.*

In the present case, the court finds that Wilson did not merely promise the board he would bring a non-compliant zoning plan into compliance. Rather, by presenting a detailed plan and having the Borough of Emmaus join in the special exception request as a co-applicant, Wilson reasonably demonstrated the ability to fulfill the requirements by submitting a plan which addressed the relevant ordinance's prerequisites. As a result, the court finds that the board did not abuse its discretion in granting the special exception and in imposing conditional approval.

Because the court finds that the board properly determined that Wilson presented substantial evidence in support of granting his requested special exception to allow the repair garage contingent upon the Borough vacating a portion of South First Street and conveying the Borough's portion of the vacated property to Wilson, the next issue is whether the Board erred in granting the requested variances.

Under the applicable zoning ordinance, the board must make five specific factual findings in order to grant a variance. Borough of Emmaus, Pa., Zoning Ordinance ch.

27, §111 (2003). Specifically, the board must find all of the following where relevant:

(a) There are unique physical circumstances or conditions (including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property) and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of this Chapter in the neighborhood or district in which the property is located;

(b) Because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of this Chapter and a variance is therefore necessary to enable the reasonable use of the property;

(c) Such unnecessary hardship has not been created by the appellant;

(d) The variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare; and,

(e) The variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.)

*Id.* at § 111C(2); 53 P.S. §10910.2.

In this case, Wilson offered a plan in which a warehouse would be developed into a repair garage. The premise

for the plan was for the Borough of Emmaus to vacate a public street, South First Street, and to convey one-half of the vacated street to Wilson in order for Wilson to use that former portion of the street for parking spaces. Wilson presented testimony that the five parking space variance and the five foot aisle variance were necessary to alleviate the undue hardship associated with the property due to the configuration of the property and the property's location within a floodplain. Nineteen parking spaces, or five per repair/service bay plus one per employee, are required under the zoning ordinance. Borough of Emmaus, Pa., Zoning Ordinance ch. 27, §601(2) (2003). Because of the property's configuration and location, Wilson's plan provided for fourteen parking spaces, thereby necessitating the five parking space variance.

Because the property is located in a flood plain, there cannot be any significant modifications to the site. The existing stone parking lot cannot be macadamed, and a grass area between the street and the current parking lot cannot be utilized for parking spaces. The board noted that the five foot aisle width variance was necessary in order to enable the vacated portion of South First Street to be a "two-way" aisle for parking. The board determined that granting Wilson's variances requests would not negatively affect the neighborhood. As a result, the court finds that the board did not abuse its discretion in granting the requested variances.

## Conclusion

Because no abuse of discretion can be found in granting conditional approval to an applicant who reasonably shows the ability to fulfill requirements, *Broussard, supra*, the instant appeal is hereby denied and the decision of the

Emmaus Borough Zoning Hearing Board is affirmed.

ORDER

And now this 6th day of October, 2014, upon consideration of the appeal filed by Neil Carl and Joanne Carl from a decision of the Emmaus Borough Zoning Hearing Board on April 4, 2014 filed with the clerk of judicial records — civil division on May 23, 2014, which granted the special exception and variance requests, having reviewed the briefs from appellants, appellee, and interveners and having heard argument on September 2, 2014, the court finds the following:

It is ordered that said appeal is denied and the Emmaus Borough Zoning Hearing Board's April 4, 2014 decision is affirmed.