Clarence Bowser and Lillian Bowser, His Wife *v.* Penn Township Board of Adjustment, a/k/a Penn Township Zoning Hearing Board, Appellant.

Argued May 4, 1976, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt. Judge Kramer did not participate.

*Lee A. Montgomery*, with him *Galbreath, Braham, Gregg, Kirkpatrick, Jaffe & Montgomery*, for appellant.

*John J. Morgan*, for appellees.

Opinion by Judge Rogers, July 23, 1976:

This is an appeal from the order of the lower court reversing the Penn Township Board of Adjustment's denial of the issuance of a building permit to Clarence and Lillian Bowser.[1]

---

[1] Although the appeal is captioned *"Bowser v Penn Township Board of Adjustment, a/k/a Penn Township Zoning Hearing Board,"*

The Bowsers own a parcel of land in Penn Township, Butler County, located in a commercial zoning district, which is improved with a single-family residence. On December 3, 1974, the Bowsers applied for a building permit to erect an automobile service station upon the property, and attached a plan showing the proposed building to be adjacent to the dwelling. The building inspector refused to grant the permit and the Bowsers appealed to the Penn Township Board of Adjustment, which, after a hearing, denied the application. On appeal to the Court of Common Pleas of Butler County, the court reversed the Board of Adjustment and ordered that the permit be issued.

The Board of Adjustment denied the permit on the bases that (1) the proposed garage would constitute a second main structure on the Bowsers' lot, in violation of the zoning ordinance; (2) the Bowsers' lot was too small to accommodate both a residence and commericial garage, and there would be inadequate parking available; (3) the Bowsers' plans were incomplete as not showing the location of the septic system and drain field; and (4) that the Bowsers failed to establish a definite right-of-way to and from their property.

The lower court found that the reasons given by the Board for refusing the permit lacked merit in that the proposed garage was a permitted use in the zoning district, the ordinance lacked proper standards for passing upon applications, and the record showed that the Bowsers did have a right-of-way to their property.

Our scope of review where, as here, the lower court took no testimony, is limited to a determination of whether the Board committed an abuse of discretion or an error of law. *West Whiteland Township v. Sun Oil Company,* 12 Pa. Commonwealth Ct. 159, 316 A.2d

counsel for the appellant indicated at oral argument that he was in fact representing the Penn Township Board of Supervisors.

92 (1974). The lower court is bound by the same scope of review, and, although it found reversible error, we do not.

The Penn Township Zoning Ordinance provides in part:

"Except where otherwise provided herein, after the effective date of this ordinance, every use of land and every structure shall be on a zoning lot as herein defined, and not more than one (1) main structure shall occupy such zoning lot unless a part of a permitted unit group development."

A zoning lot is defined as:

"A parcel of land, fronting on a street, which is or may be occupied by a main structure or a unit group of buildings with accessory uses and structures and the open spaces required under this ordinance."

A main building is "[t]he building housing the principal use of the lot on which it is located." And a "unit group" is "[t]wo (2) or more buildings grouped upon a single zoning lot, such as shopping center, school, church, hospital, institutional or industrial plants."

At the time of the Bowsers' application their "zoning lot" was improved by a "main structure" and the principal use of the property was residential, although located in a commercial district. By the application, the Bowsers sought to introduce a second principal use to the property,[2] a use dissimilar to the existing use. The lower court found that since the proposed commercial use was permitted in the district and since there are no standards in the ordinance governing a "permitted unit group development" the Bowsers should be permitted to erect the garage. While the court points out a significant problem in the ordinance,

---

[2] Under the ordinance, a commercial garage such as proposed by the Bowsers cannot be an accessory use.

that problem is not applicable to this case. The definition of "main building" (housing a principal use) must be read together with the definition of a "unit group" (two or more main buildings grouped upon a single lot), so that a unit group must refer to buildings housing the same classification of uses. The Bowsers' application sought to include on one lot two main buildings with separate classifications of uses (residential and commercial). Accordingly, the application was properly refused as impermissible under the ordinance.

In normal circumstances, the Bowsers' request would properly be made as an application for subdivision approval. Once properly subdivided, the Bowsers would be entitled to a building permit under the commercial zoning so long as the proposed building met the other criteria of the zoning ordinance. However, nowhere of record is there a Penn Township subdivision and land development ordinance.

The zoning ordinance provides:

"In any 'C2' District, the uses shall, in addition to conforming to any and all regulations pertaining thereto that are specifically set forth in this ordinance, be in accordance with a site plan or plans approved by the Planning Commission. The site plan shall show, as proposed, the location of main and accessory structures on the site and in relation to one another; traffic circulation features within the site; the height and bulk of structures; the provision of automobile parking space; the provision of the open space on the site; the landscaping, paving, fences, and walls on the site, and the display of signs.

. . . .

"In considering any site plan hereunder, the Planning Commission shall endeavor to assure safety and convenience of traffic movement both within the site covered and in relation to access streets, harmonious

and beneficial relationship of structures and uses on the site as well as contiguous properties. To this end, the Planning Commission may control vehicular access by plan limitations.''

We are unable, as was the lower court, to find authority in the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10101 et seq. (MPC), for the requirement of a Planning Commission's site plan review other than under a subdivision and land development ordinance. *See* Sections 209.1 and 508 of the MPC, 53 P.S. §§10209.1, 10508. In the instant case, the Bowsers' application for a building permit was referred to the Planning Commission. Minutes of a Planning Commission meeting were read into the record before the Board of Adjustment. Those minutes state:

''The present Township Ordinances and Land Subdivision Laws were fully explained by [a planning commission member] to Mr. Bowser with request by [the member] to have Mr. Bowser fully investigate the availability of access to his property and the present ownership of the land in question in order to establish a right of way entrance with agreement of all parties owning nearby property.''

The minutes also indicate ''that without clearance of a right of way to Mr. Bowser, there was no way that the Planning Commission of Penn Township could give any suggestions or recommendations.'' No written decision was made and it appears that the appeal to the Board of Adjustment followed the zoning officer's oral denial of the requested building permit. The result of this informality is a record which is difficult of comprehension but from which it is clear that (1) under the zoning ordinance, it is improper for the Bowsers to maintain two principal uses (one residential, one commercial) on his single tract; (2) no subdivision of Mr. Bowser's land was attempted or ef-

fected; and (3) the Bowsers' application for a building permit was properly rejected under the terms of the ordinance.

The order of the lower court is reversed.