IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dail Financial, LLC,            :
                  Appellant     :
                             :
       v.                  :    No.  1050 C.D. 2021
                             :    Submitted:  February 7, 2022
Municipality of Monroeville   :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE           FILED:  April 14, 2022


Appellant, Dail Financial, LLC, (Dail), a business in the industry of marketing billboards, appeals the August 26, 2021 Order (Order) of the Court of Common Pleas of Allegheny County (the Court of Common Pleas) affirming the decision of the Municipality of Monroeville's Council (Council) that denied Dail's conditional use application (Application) to construct a billboard on property it leased at 2667 Monroeville Boulevard, Monroeville, Pennsylvania (Property).[1] Council denied the Application because the Property already included a principal structure in the nature of a Meineke Car Care Center (the muffler shop) and thus violated the Monroeville

---

[1] For ease of reading, Appellee, the Municipality of Monroeville, will be referred to as "Monroeville."

Zoning Ordinance (Ordinance).[2]  For the reasons that follow, we affirm the Order of the Court of Common Pleas.

Dail applied to install a billboard on the Property located in Monroeville's C-2 zoning district,[3] a district which permits billboards as a conditional use.  Council held a public hearing on Dail's Application on January 12, 2021.  No dispute exists that Dail's proposed billboard met Monroeville's conditional use regulations regarding billboards.  However, at the conclusion of the hearing, Council, in a 5-2 vote, denied Dail's Application.  A letter from the Monroeville Municipal Manager, dated January 13, 2021, to Dail provides, in relevant part:

> At [its] meeting of January 12, 2021, the [Council] adopted a resolution that denied your proposed Conditional Use to erect a 150[-]square[-]foot Billboard/Outdoor Advertising Sign on [the Property].  The reason for denial is that the proposed development violates Section 207.2 of the [Ordinance,] as amended, which states "one and only one principal structure, together with permitted accessory structures, may be located on any lot, except that two or more principal structures may be permitted as a Planned Development[4] after approval and recording

---

[2] Monroeville, Pa., Zoning Ordinance § 1443, *as amended* (1984).

[3] The C-2 zoning district is Monroeville's Business Commercial district.  Ordinance, tbl.201C; Reproduced Record (R.R.) at 85a.

[4] The Ordinance defines "Planned Development" as "[a] Planned Group Unit or Planned Residential Development as defined and regulated herein."  Ordinance, art. Six, R.R. at 152a.  A "Planned Group Unit" is defined as "[a] zoning lot on which the development of more than one principal structure and built in accordance with a unified site development plan which may provide for industrial, recreation and open space, and/or commercial uses and which is reviewed and approved in accordance with the provisions of this Ordinance."  *Id*.  A "Planned Residential Development" is defined as:

> "[a]t least five acres of land, controlled by one landowner, to be developed as a single entity for a number of dwelling units, the development plan for which does not correspond in lot size, bulk or type of buildings, density, lot coverage and

**(Footnote continued on next page…)**

of a Development Plan[5] as required by this Ordinance." The [Property] is already occupied by a principal structure.

Reproduced Record (R.R.) at 20a.

An attachment to the above letter provides in relevant part:

AND NOW, on January 12, 2021, it is RESOLVED by [Council] as follows:

That Conditional Use Application No. 20-5-C of [Dail], concerning [the Property] located . . . in the C-2, Business Commercial Zoning District, to install a 150[-]s[quare-]f[oot] Billboard is "DENIED."

R.R. at 21a.

Dail subsequently appealed Council's denial of its Application to the Court of Common Pleas, which held oral argument without taking additional evidence. On August 26, 2021, the Court of Common Pleas issued its Opinion and Order affirming Council's resolution. The Court of Common Pleas opined that Dail did not demonstrate compliance with Section 207.2 of the Ordinance, which allows only one principal structure on a lot, along with acceptable accessory structures, except as otherwise permitted. The Court of Common Pleas concluded that the record established the proposed billboard would be located on a lot already occupied by the muffler shop and that the Commonwealth Court has upheld zoning ordinances similar to the one at issue in the present matter, *i.e.*, limiting a lot to one principal

---

required open space to the regulations established in any one residential district of the [] Ordinance."

*Id*.

[5] The Ordinance defines "Development Plan" as "[a] graphic and written presentation of either a Planned Residential Development or a Planned Group Unit, including a plat of subdivision, and all provisions relating to use, location, and bulk of structures, intensity of development, streets, ways and parking facilities, common open space, and public facilities." Ordinance, art. Six, R.R. at 144a.

structure and one principal use. The Court of Common Pleas explained that in *Bowser v. Penn Township Board of Adjustment*, 360 A.2d 785 (Pa. Cmwlth. 1976), this Court determined it was improper to maintain two principal uses on a single tract of land where the owners sought to construct a service station on property already occupied by a residential structure.

The Court of Common Pleas further opined:

> Dail's proposed billboard is recognized as a principal structure and principal use by the Ordinance. Article [Six] of the Ordinance[6] defines "structure" as:
>
>> Any man-made object having an ascertainable stationary location on or in land or water, whether or not affixed to the land including in addition to buildings, billboards, carports, porches, and other building features, but not including sidewalks, drives, fences and patios.
>
> The proposed billboard is a principal structure which supports a principal use on the Property. Article [Two] of the Ordinance at Table 201[7] enumerates the various principal uses of a property. Billboards are permitted as conditional uses and therefore can only exist as principal uses. The Ordinance defines ["]billboard["] as:
>
>> a sign displaying changeable advertising copy which pertains to a business, organization, event, person, place, service, or product not principally located or sold on the premises upon which said sign is located.
>
> Thus, the proposed billboard cannot be classified as an accessory structure. The Ordinance[8] defines ["]accessory structure["] as:
>
>> [a] subordinate structure, located on the same lot as the main structure, or a portion of the main structure, the use

---

[6] Ordinance, art. Six; R.R. at 155a.

[7] Ordinance, art. Two; R.R. at 83a-86a.

[8] Ordinance, art. Six; R.R. at 140a.

4

of which is clearly incidental to and customarily found in connection with the main structure or principal use of the land.

R.R. at 215a (references to the record omitted).

> The Court of Common Pleas concluded:

> In order to be considered an accessory structure, Dail's proposed billboard would have to be clearly incidental to and customarily found in connection with the [muffler shop] currently on the Property. Muffler shops do not normally have billboards occupying their property.

> Based upon the foregoing, . . . Council reasonably concluded that Dail's proposed billboard would be a second principal structure supporting a second principal use on the Property in violation of the Ordinance. Therefore, [Council] properly denied Dail's conditional use [A]pplication to construct a billboard on the Property. The decision is affirmed and Dail's appeal is denied and dismissed.

R.R. at 216a. Dail now appeals to this Court. Accordingly, we note that because the Court of Common Pleas accepted no additional evidence, our review is limited to determining whether Council committed an error of law or abused its discretion. *City of Hope v. Sadsbury Twp. Zoning Hearing Bd.*, 890 A.2d 1137, 1144 (Pa. Cmwlth. 2006).

Dail first argues that the Ordinance allows multiple principal structures on a single lot with an approved development plan but that the Ordinance does not define billboards as principal structures. Dail asserts that Monroeville did not present substantial evidence that billboards are principal uses, and thus, Council's decision to deny Dail's conditional use Application for a billboard was an abuse of discretion. Dail's Br. at 16. Further, Dail contends that even if we were to assume the proposed billboard would be a second principal structure on the Property, our Supreme Court's decision in *Upper Southampton Township v. Upper Southampton Township Zoning*

5

*Hearing Board*, 934 A.2d 1162 (Pa. 2007), a case which also involved the leasing of a portion of commercial property for the purposes of placing a billboard, precludes Monroeville from basing its approval of the billboard on it being part of an approved land development plan as contemplated by Section 207.2 of the Ordinance. Dail explains that the *Upper Southampton Township* Court determined that constructing a billboard on land already containing a commercial use, such as the muffler shop here, is not land development under the Pennsylvania Municipalities Planning Code (MPC).[9] This is because the MPC addresses the allocation of land in regard to issues for which public use, water management, sewers, streets and the like must be addressed, and the *Upper Southampton Township* Court concluded that billboard construction "does not give rise to any of those concerns." *Id*. at 1169; Dail's Br. at 17-18.

Dail argues, alternatively, that its proposed billboard is an accessory use or accessory structure, and that as such, the Ordinance creates an ambiguity which should be construed in Dail's favor. Dail's Br. at 18. In this regard, Dail states that the Ordinance defines accessory uses and accessory structures as subordinate to, or incidental to, the main structure on, or the principal use of, the land. Dail adds: "[the Ordinance] does not define billboards as principal structures. [] Billboards are instead defined as signs[10] . . . [, and] [s]igns are only permitted as accessory uses in

---

[9] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101-11202.

[10] The Ordinance defines a "sign" as:

> Any surface, fabric or device bearing lettered, pictorial, or sculptured matter designed to convey information visually and exposed to public view; or any structure including poster panels, or other graphic displays designed to carry the above visual information.

**(Footnote continued on next page…)**

6

Monroeville. Therefore, Monroeville only permits billboards as accessory uses." Dail's Br. at 19. Dail suggests that because its proposed billboard is an accessory use, it should also be considered an accessory structure. Dail further explains that the plain language of the Ordinance makes clear that billboards can be located on the same parcel as a principal use or principal structure. *Id.* at 23.

Dail notes that, in *Adams Outdoor Advertising, Ltd. v. Hanover Township Zoning Hearing Board*, 633 A.2d 240 (Pa. Cmwlth. 1993), this Court struck down a zoning ordinance which included definitions of "sign" and "billboard" that were similar to those in Monroeville's Ordinance. Dail's Br. at 20. In *Adams Outdoor Advertising, Ltd.*, we determined that Hanover Township's zoning ordinance impermissibly excluded off-premises advertising signs because "no zoning district . . . allow[ed] off-site advertising signs except as accessory uses" and "an advertising sign cannot be an accessory use." 633 A.2d at 244. Dail asserts that Monroeville's Ordinance here is similarly contradictory in that it "contemplates that billboards (which must advertise something not on the same premises as the billboard) can be located on the same premises as a thing or service principally sold there," but that this "blatantly contradicts Monroeville's prohibition against signs containing any information or advertising for any product not sold on the premises." Dail's Br. at 21-22. Dail argues that this ambiguity should be interpreted in its favor, per Section 603.1 of the MPC, which states:

> [i]n interpreting the language of zoning ordinances to determine the extent of the restriction upon the use of the property, the language shall be interpreted, where doubt exists as to the intended meaning of the language written and enacted by the governing

---

Ordinance, art. Six; R.R. at 154a.

7

body, in favor of the property owner and against any implied extension of the restriction.

Added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10603.1.

Dail contends it seeks to place a billboard that, per the Ordinance, must advertise something not principally pertaining to the muffler shop, but because a billboard is a sign, it cannot contain any information about, or advertise any product not sold, on the premises. Thus, Dail asserts that the Ordinance's designation of billboards as an accessory use results in an unconstitutional exclusion of billboards, or at a minimum, results in an ambiguity which should be determined in Dail's favor. Accordingly, Dail maintains that this Court should determine the proposed billboard "is either a permitted second principal structure or use on the Property or is an accessory use or structure to the [muffler shop]" and allow Dail to erect its billboard on the Property. Dail's Br. at 20-22.

For all the foregoing reasons, Dail requests that this Court reverse the Order of the Court of Common Pleas which affirmed Council's denial of Dail's Application. Accordingly, we now address Dail's arguments.

At the outset of our analysis and discussion, we note that "[c]onditional use ordinances are evidence that the municipality has determined [a] particular use is not adverse to the public interest *per se.*" *Visionquest Nat'l, Ltd. v. Bd. of Supervisors of Honey Brook Twp., Chester Cnty.*, 569 A.2d 915, 917 (Pa. 1990). The applicant for a conditional use bears the burden of proving that its Application complies with the objective standards of the Ordinance. *Id.* "In interpreting a zoning ordinance, a particular section of a zoning code . . . must be read as an integral part of the whole, and not as a separate portion with independent meaning." *Adams Outdoor Advert., Ltd.*, 633 A.2d at 244.

8

As to Dail's contention regarding ambiguity, and in turn, the constitutionality, of the Ordinance, Dail encourages the Court to read the Ordinance as a whole. Dail contends that in doing so an ambiguity arises. Dail argues that the ambiguity could lead to the exclusion of all billboards and that excluding all billboards would be unconstitutional. However, the Ordinance sets forth plain and clear definitions as set forth above, and even when reading the Ordinance as a whole, no ambiguity arises.

It is well established that zoning ordinances are presumed to be valid and constitutional, and "the party challenging one bears a heavy burden of proving otherwise." *Tri-Cnty. Landfill, Inc. v. Pine Twp. Zoning Hearing Bd.*, 83 A.3d 488, 518 (Pa. Cmwlth. 2014). While it is true that this presumption is overcome if an otherwise legitimate use is totally excluded in a municipality, *Interstate Outdoor Advertising, L.P. v. Zoning Hearing Board of Warrington Twp.*, 39 A.3d 1019, 1024 (Pa. Cmwlth. 2012), here an ambiguity does not exist. Because no ambiguity exists that could lead to an exclusion of all billboards, we do not reach an analysis on the constitutionality of the Ordinance.

With respect to Dail's argument that the Ordinance allows multiple principal structures per lot, we disagree. As Monroeville asserts in its brief, because the Property is occupied by the muffler shop, placing a billboard there would result in a violation of Section 207.2 of the Ordinance, which prohibits a second principal structure on the Property.[11] We concur in Monroeville's position in this regard.

Critical to our analysis is whether a billboard is a principal use or principal structure, per the Ordinance. Monroeville argues that the Ordinance specifically

---

[11] To buttress its argument, Monroeville cites *1700 Columbus Associates, LLC v. City of Philadelphia, Zoning Board of Adjustment*, 976 A.2d 1257 (Pa. Cmwlth. 2009), to validate the legitimacy of zoning ordinances, like Monroeville's, that prohibit more than one principal structure or principal use on a single lot. Monroeville's Br. at 7; *see also Bowser*, 360 A.2d 785.

includes billboards in the definition of a structure and that the Ordinance also classifies billboards as a conditional, principal use. Thus, Monroeville asserts that "it is logical to conclude the [p]roposed [b]illboard is a principal structure serving a principal use." Monroeville's Br. at 4. We agree. The Ordinance does not define the term "principal use" or "principal structure," but billboards are clearly included in the definition of "structure." Ordinance, art. Six; R.R. at 155a. As such, we note the provision of the Ordinance upon which Dail's Application was ultimately denied, *i.e.*, Section 207.2, and for purposes of clarity, we reiterate it here:

> One and only one principal structure, together with permitted accessory structures, may be located on any lot, except that two or more principal structures may be permitted as a Planned Development after approval and recording of the Development Plan as required by this Ordinance.

Ordinance, art. Two, Section 207.2; R.R. at 87a. We find the following characterization by Monroeville to be persuasive: "[s]ince uses of land in a zoning ordinance are typically classified as either principal uses or accessory uses, the specific identification of a billboard as a principal use precludes its categorization as an accessory use." Monroeville's Br. at 9. By definition, Dail's proposed billboard is a principal structure, classified as a principal use. Thus, the Council reasonably concluded the billboard was a second principal structure, and therefore, not permitted on the Property per the terms of Section 207.2 of the Ordinance. *See* Monoeville's Br. at 11. For the foregoing reasons, we agree the billboard was a principal use or principal structure and that the Ordinance, barring an exception that does not apply here, precludes two or more structures on the same lot.

We next address Dail's contention that the billboard is an accessory structure. Monroeville acknowledges that the proposed billboard meets the first part of the

10

Ordinance's definition of an accessory structure because it would be located on the same lot as the main structure, *i.e.*, the muffler shop. However, the proposed placement of the billboard fails to meet the condition of the definition that requires it to be "incidental to and customarily found in connection with the main structure or principal use of the land," and "commercial muffler shops do not customarily have billboards accompanying the property they occupy." Monroeville's Br. at 12.

The Ordinance defines an accessory use as "a subordinate use which is clearly incidental and related to that of a main structure or main use of land." Ordinance, art. Six; R.R. at 140a. An accessory structure is defined as "a subordinate structure, located on the same lot as the main structure, or a portion of the main structure, the use of which is clearly incidental and customarily found in connection with the main structure or principal use of the land." *Id*. Thus, while a billboard is, as Dail asserts, a sign, it is a specific kind of sign that does not pertain to the business that is principally located on the premises. Accordingly, the billboard's lack of relation to the muffler shop on the Property disqualifies it as an accessory use or an accessory structure. Dail's assertion to the contrary is unavailing.

Lastly, Dail argues that our Supreme Court's decision in *Upper Southampton Township*, which held that billboards are not considered to be land development, precludes Monroeville from requiring Dail to submit a land development plan for the construction of the proposed billboard. Monroeville contends that the *Upper Southampton Township* decision "does not excuse [Dail's] required adherence to the restriction of the number of principal structures that may be developed on a single zoning lot pursuant to Section 207.2 [of the Ordinance]." Monroeville's Br. at 13. The issue in *Upper Southampton Township* dealt with whether the MPC treated the construction of billboards as land development. The present case never reaches the

11

issue of land development because while it is true that the construction of a billboard is not land development, that legal conclusion does not obviate the present ordinance's lawful limitation that prevents two principal structures on one lot.

Because none of Dail's contentions provide any basis for relief, we affirm the August 26, 2021 Order of the Court of Common Pleas.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dail Financial, LLC,          :

                    Appellant     :

                              :

         v.                    :     No.  1050 C.D. 2021

                              :

Municipality of Monroeville     :

# **O R D E R**

**AND NOW**, this 14th day of April 2022, the August 26, 2021 Order of the Court of Common Pleas of Allegheny County is **AFFIRMED**.

_____

STACY WALLACE, Judge